[No. 7869. Department One. October 4, 1909.]

J. J. BRYS *et al.*, *Appellants*, v. CUTHBERT PRATT *et al.*,
*Respondents.*[1]

ACTIONS—NATURE AND FORM—LEGAL OR EQUITABLE—TRUSTS—DAMAGES. A cause of action for damages is stated, and it is error to sustain a demurrer, where the complaint alleged the transfer of property of the value of $2,700 to trustees for the purpose of sale, $1,300 of debts to be paid out of the proceeds, and that the trustees fraudulently conspired with another and privately sold the property for $900; since no necessity for an accounting of the trust appears; or if shown by answer, the case can be tried either in equity or at law, the defendants not being confined to the issues tendered.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 31, 1908, dismissing an action for damages, upon sustaining a demurrer to the complaint. Reversed.

*Hiram J. Jacobs* and *Solon T. Williams*, for appellants.

*Arthur P. Moran* and *McClure & McClure*, for respondents.

[1]Reported in 104 Pac. 169.

123

FULLERTON, J.—The appellants began this action against the respondents, stating their cause of action in the following language:

"(1)  That now and during all the times mentioned herein plaintiffs are and were partners under the firm name and style of Brys and Byers, and that the same were the true and real names of these plaintiffs, and that during all said times said defendant Seattle Merchants Association was and now is a corporation duly organized, existing and doing business under the laws of the state of Washington.

"(2)  That on or about the 14th day of August, 1908, plaintiffs made, executed and delivered to the defendant I. H. Jennings, as trustee for said defendant association, a bill of sale of all their personal property, including book accounts, for the purpose of having said partnership wound up, all of its debts paid, and the balance, if any, to be returned to these plaintiffs, and under said bill of sale and said trust all of said property and said book accounts were turned over to said I. H. Jennings.

"(3)  That the debts of said partnership did not at that time exceed the sum of Thirteen Hundred Dollars ($1,300), and the actual market value of the said partnership property and book accounts, so as aforesaid delivered to said I. H. Jennings, exceeded the sum of Twenty-seven Hundred Dollars ($2,700).

"(4)  That said plaintiffs demanded in writing of said Jennings that said personal property be sold at public auction, but that said Jennings utterly disregarded said demand, and fraudulently, conspiring with said defendant Pratt, for the purpose of enabling said Pratt to secure said property at a price far below its actual cash value, fraudulently and corruptly sold said personal property and said book accounts to said Pratt for a consideration, the exact amount of which is not known to these plaintiffs, but which these plaintiffs are informed, did not exceed the sum of Nine Hundred and Twenty-four and 80-100 ($924.80).  That had said property been put up at public auction, it would have realized a far greater sum than the amount so paid by said Pratt.

"(5)  That during all the times herein mentioned the said defendant Jennings was the secretary and executive officer of the said corporation.

"(6) That by reason of the facts herein alleged the said plaintiffs have been damaged in the sum of Two Thousand Dollars ($2,000) no part of which has been paid.

"Wherefore plaintiffs pray judgment against the said defendants in the sum of Two Thousand Dollars ($2,000) and their costs and disbursements herein to be taxed."

To the complaint the respondents demurred, on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained by the court, whereupon the appellants elected to stand thereon. A judgment of dismissal and for costs was thereupon entered against them, from which they appeal to this court.

The record does not contain the reasons which actuated the court in rendering its decision, but counsel for respondents argue that the action is one at law for damages, whereas it is shown that the respondents Jennings and Seattle Merchants Association are trustees administering a trust that has not been closed, and in which no accounting has been made or asked for, and that the remedy, if any the appellants have for the wrong done, is by a suit in equity for an accounting, in which suit the court will render complete justice even to the awarding of damages, if it be shown that the appellants have been damaged by the trustees' willful and fraudulent administration of the trust.

It has seemed to us, however, that this reasoning is not conclusive. If the appellants intrusted to the respondents personal property of the value of $2,700, to sell on their behalf, pay out of the proceeds debts of $1,300 and return the balance to them, and the trustees, in disregard of their trust, fraudulently conspired with another by which the property was sold for $924.80, an actionable wrong has been done them for which they may recover in an action at law.

The facts present no unusual complication; there is no long account to be taken and settled; the issue tendered is a simple one, and we see no reason why the question of fact may not be properly tried to a jury if the parties so desire it.

But the respondents are not confined to the issues tendered by the complaint. They are at liberty to set up in their answer any affirmative defense they may have to the transaction, whether these be equitable or legal or both, and if their defenses require the action to be tried as a legal action, or as an action of equitable cognizance, or as in part the one and part the other, the court can so try it under the code practice, and can enter such a judgment as the merits of the controversy require. We think a cause of action is stated in the complaint. The judgment is reversed, and remanded with instructions to reinstate the case and require the defendants to answer to the merits.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.