■ BARBARA MAGILL et al., Respondents, v DUTCHESS BANK AND TRUST COMPANY, Appellant.—In an action to recover damages for losses to the beneficiaries of a testamentary trust caused by the defendant cotrustee's alleged breach of trust, the defendant appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated June 10, 1988, which denied its motion to strike the plaintiffs' demand for a jury trial.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to strike the plaintiffs' demand for a jury trial is granted.

The plaintiffs, beneficiaries of a testamentary trust, commenced this action against the defendant, a cotrustee, to recover damages for a loss to the trust estate of income and principal caused by the defendant's alleged breach of trust. According to the plaintiffs, the defendant failed to exercise reasonable care, diligence and prudence in the administration of the trust estate.

The defendant contends that the court erred in denying its motion to strike the plaintiffs' demand for a trial by jury on the ground that an action brought by the beneficiaries of a testamentary trust against a trustee for alleged breach of trust is historically an equitable action, and therefore, one in which there is no right to a jury trial. The plaintiffs argue that they have a right to a jury trial, pursuant to CPLR 4101 (1), because they only seek a judgment for a sum of money and the underlying claim for breach of trust sounds in negligence. We agree with the defendant.

A party's entitlement to demand a jury trial is dependent upon the facts pleaded, not the demand for relief. CPLR 4101 (1) provides for a trial by jury in an action where the party "demands and sets forth facts which would permit a judgment for a sum of money only". The critical consideration is whether the facts stated show that the action is equitable or legal in nature. The fact that the complaint demands a money judgment does not necessarily establish that there is a right to a jury trial *(see, Bell v Merrifield,* 109 NY 202, 207; *Clearview Gardens First Corp. v Weisman,* 206 Misc 526, 528, *affd* 285 App Div 927; *see also,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4101.12; *Kaplan v Long Is. Univ.,* 116 AD2d 508).

In each instance it must be determined whether the nature and substance of the claim for relief is in law or in equity *(see,*

*Matter of Garfield,* 14 NY2d 251). "If in law and included among the cases where jury trial is historically mandated by the Constitution or by statute, a jury trial must be had on demand. If the relief demanded is traditionally cognizable in equity there is no right to trial by jury for none was available at common law *(Van Rensselaer* v. *Van Rensselaer,* 113 N. Y. 207, 214)" *(Matter of Luria,* 63 Misc 2d 675, 682; *see also, Matter of Nelson,* 105 Misc 2d 747, 752).

Generally, the remedies of the beneficiaries of a testamentary trust against the trustee for a breach of trust are exclusively equitable *(see,* Restatement [Second] of Trusts § 197; 3 Scott, Trusts §§ 198, 198.1 [4th ed]; Bogert, Trusts § 157, at 562 [5th ed]; *see also,* 41 NY Jur 2d, Decedents' Estates, § 1564). The fact that beneficiaries predicate their breach of trust claim upon the trustee's alleged negligent performance of its fiduciary duties does not convert an action in equity into one cognizable in law. "To be sure negligence is in the case, but only as an element in the breach of fiduciary duty; no common-law action in negligence is available to the [beneficiaries]" *(Matter of Coyle,* 61 Misc 2d 548, 549, *affd* 34 AD2d 612).

Nevertheless, there are limited instances in which a beneficiary may maintain an action at law against the trustee. If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment *(see, Van Camp v Searle,* 147 NY 150; *Boughton v Flint,* 74 NY 476; *Savings Bank v New York Trust Co.,* 27 NYS2d 963; *Dixon v Northwestern Natl. Bank,* 297 F Supp 485; Restatement [Second] of Trusts § 198 [1]; 3 Scott, Trusts § 198.1 [4th ed]; Bogert, Trusts § 157, at 562 [5th ed]). However, a jury cannot award monetary relief where the trustee is under no obligation to make immediate and unconditional payment. In the latter situation, beneficiaries are relegated to a suit in equity, based upon a fiduciary relationship, to compel the trustee to redress a breach of trust by restoring the corpus *(see, Dixon v Northwestern Natl. Bank, supra,* at 489). Under the terms of the instant testamentary trust, the defendant, as cotrustee, is only under an immediate and unconditional obligation to pay net income to beneficiary Barbara Magill. It is not under an obligation to make immediate payment of the principal to any of the plaintiffs. Since the plaintiffs are seeking in this action to redress a loss of principal as well as income, they have joined claims, respectively, for equitable and legal relief. Under established principles, the joinder of claims for legal and equitable relief amounts to a waiver of

the right to demand a jury trial *(Kaplan v Long Is. Univ.,* 116 AD2d 508, *supra; Seneca v Novaro,* 80 AD2d 909, 910). Accordingly, the court erred in denying the defendant's motion to strike the plaintiffs' demand for a trial by jury. Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.