On Linda Masters', David Bissett's, Stephen Bissett's and Christina Bissett's petition for reconsideration filed May 9, petition for reconsideration allowed, former opinion (101 Or App 163, 790 P2d 16) modified and adhered to as modified June 27; Larry Bissett's, Nancy Bissett's and Bissett & Bissett Ltd.'s petition for reconsideration filed August 15 denied in case A41367, stipulated motion to dismiss petition filed August 15 as to case no. A44881 allowed October 3. Larry Bissett's, Nancy Bissett's and Bissett & Bissett Ltd.'s petition for review denied November 6, 1990 (310 Or 547)

Linda Masters', David Bissett's, Stephen Bissett's and Christina Bissett's petition for review denied January 15, 1991 (311 Or 87)

Linda MASTERS,
David Bissett, Stephen Bissett,
and Christina Bissett,
*Appellants,*

*v.*

Larry BISSETT,
Nancy Bissett, and Bissett & Bissett, Ltd.,
*Respondents.*

(A8407-04448; CA A41367)

In the Matter of December 29, 1977
Rose Bissett Hefty Trust,

In the Matter of the Rudolph A. Bissett
Testamentary Residual Trust,

In the Matter of the November 10, 1969
Rose E. Bissett Trust.

Linda MASTERS,
David Bissett, Stephen Bissett,
and Christina Bissett,
*Respondents - Cross-Appellants,*

*v.*

Larry BISSETT,
Nancy Bissett, and Bissett & Bissett, Ltd.,
*Appellants - Cross-Respondents.*

(A8407-04139; CA A41367)

In the Matter of the Residual Trust
Created under the Will of
Rudolph A. Bissett, Deceased,

Linda MASTERS,
Stephen Bissett, Christina Bissett
and David Bissett,
*Respondents - Cross-Appellants,*

*v.*

Larry BISSETT,
*Appellant - Cross-Respondent.*

(A8407-04366; CA A44881)

(Cases Consolidated for Reconsideration)

794 P2d 445

Michael J. Morris and Bennett & Durham, Portland, for petition.

No appearance *contra.*

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In their petition for review, which we treat as a petition for reconsideration, ORAP 9.15, grandchildren contend that they had standing to claim damages for diminution of their grandmother's estate by excessive and improper expenses incurred by defendant trustee in what is referred to by the parties as the "Anderson matter." In a footnote, we stated that that contention was neither pleaded nor litigated in the trial court. *Masters v. Bissett (A41367)(A44881),* 101 Or App 163, 174 n 8, 790 P2d 16 (1990). On reconsideration, we conclude that the issue appears to have been litigated in the trial court.

For purposes of this opinion, we assume, without deciding, that grandchildren have standing. However, they have no right to relief, because their grandmother was a party to the lawsuit against Anderson, and whatever reduction to her estate that occurred as a result of the expenses incurred in the Anderson matter was with her consent and participation.

Petition for reconsideration allowed; former opinion modified and adhered to as modified.