H. Carl McCALL, as Comptroller of the State of New York and Trustee of the New York Common Retirement Fund, Derivatively on Behalf of Columbia/HCA Healthcare Corporation, et al., Plaintiffs–Appellants,

National Industry Pension Fund, Plaintiff,

v.

Richard L. SCOTT, et al., Defendants–Appellees.

Louisiana State Employees Retirement System, Plaintiff–Appellant,

v.

Magdalena Averhoff, et al., Defendants–Appellees.

No. 99–6370, 99–6387.

United States Court of Appeals, Sixth Circuit.

Filed April 23, 2001.

Before: MARTIN, Chief Judge; GUY and COLE, Circuit Judges.

## ORDER

The court having received three (3) petitions for rehearing en banc, and the petitions having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petitions for rehearing have been referred to the original panel.

The panel has further reviewed the petitions for rehearing, or in the alternative, for certification of an issue of law. The panel concludes that the issues raised in the petitions were fully considered upon the original submission and decision of the cases. The panel thus denies rehearing, denies certification, and amends Section II.C. of its original opinion with the following text:

## C. Intentional or Reckless Breach of the Duty of Care

■ The contours of director liability for breach of the duty to exercise appropriate attention to potentially illegal corporate activities were discussed in *In re Caremark International Inc. Derivative Litigation,* 698 A.2d 959 (Del.Ch.1996). There, the court explained that this was "possibly the most difficult theory in corporation law upon which a plaintiff might hope to win a judgment." *Id.* at 967. Director liability for such a breach may arise (1) from a board decision that resulted in a loss because the decision was ill-advised, or (2) from "an unconsidered failure of the board to act in circumstances in which due attention would, arguably, have prevented the loss." *Id.* As discussed earlier, the duty of care claims in this case fall into the second category as they arise from the Board's failure to act under the circumstances. The court in *Caremark* held that when director liability is predicated upon ignorance of liability-creating activities, "only a sustained or systematic failure of the board to exercise oversight—such as an utter failure to attempt to assure a reasonable information and reporting system exists—will establish the lack of good faith that is a necessary condition to liability." *Id.* at 971.

■ Unconsidered inaction can be the basis for director liability because, even though most corporate decisions are not subject to director attention, ordinary business decisions of officers and employees deeper in the corporation can significantly injure the corporation and make it subject to criminal sanctions. *Id.* This theory grew out of an earlier decision, in which the Delaware Supreme Court explained that:

> the question of whether a corporate director has become liable for losses to the corporation through neglect of duty is determined by the circumstances. If he has recklessly reposed confidence in an obviously untrustworthy employee, has refused or neglected cavalierly to perform his duty as a director, or has ignored either willfully or through inattention obvious danger signs of employee wrongdoing, the law will cast the burden of liability upon him.

■ *Graham v. Allis-Chalmers Mfg. Co.,* 188 A.2d 125, 130 (Del. 1963). Since then, the Delaware Supreme Court has specifically adopted gross negligence as the standard for measuring a director's liability for a breach of the duty of care. *See Aronson [v. Lewis],* 473 A.2d [805], at 812 [(Del. Supr.1984)]; *Smith v. Van Gorkom,* 488 A.2d 858, 872 (Del.Supr.1985).

While defendants do not deny that allegations of gross negligence may state a claim for breach of the duty of care under *Caremark,* they argue that they are protected against such claims under the waiver-of-liability provision contained in Columbia's corporate charter. Columbia's

Restated Certificate of Incorporation provides:

> *TWELFTH:* A director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director; *provided, however,* that the foregoing shall not eliminate or limit the liability of a director (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the General Corporation Law of Delaware, or (iv) for any transaction from which the director derived an improper personal benefit.

■ Columbia adopted this provision pursuant to 8 DEL. CODE ANN. § 102(b)(7), which allows a corporation to amend its certificate of incorporation to protect its directors against claims for gross negligence. *See Rothenberg v. Santa Fe Pac. Corp.,* Civ. A. No. 11749, 1992 WL 111206, at *4 (Del.Ch. May 18, 1992) ("Section 102(b)(7) permits a corporation, by so providing in its certificate of incorporation, 'to protect its directors from monetary liability for duty of care violations, *i.e.,* liability for gross negligence.' "). When the validity of such a provision is not contested and the factual basis for the claims implicates only a breach of the duty of care, the waiver may properly be considered and applied in deciding a motion to dismiss for failure to make a pre-suit demand. *Baxter Int'l,* 654 A.2d at 1270; *Rothenberg,* 1992 WL 111206, at *4.[1]

■ Defendants contend that they must be held harmless under Columbia's waiver provision for claims based on breach of the duty of care. Plaintiffs argue that their duty of care claims are based not on gross negligence, but rather on reckless and intentional acts or omissions, and thus are not precluded by the waiver provision. Plaintiffs' claims of "reckless or intentional breach of the duty of care" do not fit easily into the terminology of Delaware corporate law, however. Indeed, Delaware courts do not discuss a breach of the duty of care in terms of a mental state more culpable than gross negligence. Rather, allegations of intentional or reckless director misconduct are more commonly characterized as either a breach of the duty of loyalty or a breach of the duty of good faith. *See, e.g., Emerald Partners v. Berlin,* No. Civ. A. 9700, 2001 WL 115340, at *25 & n. 63 (Del.Ch. Feb. 7, 2001) (discussing plaintiff's duty of good faith arguments based on allegations of reckless and intentional director misconduct). Thus, while it is true that duty of care claims alleging only grossly negligent conduct are precluded by a § 102(b)(7) waiver provision, it appears that duty of care claims based on reckless or intentional misconduct are not. As one treatise explained:

> Whether the statute would protect a director against reckless acts is not altogether clear. To the extent that recklessness involves a conscious disregard of a known risk, it could be argued that such an approach is not one taken in good faith and thus could not be liability

---

1. Since the protection of such a provision is in the nature of an affirmative defense, a defendant seeking exculpation bears the burden of establishing its elements. *Emerald Partners v. Berlin,* 726 A.2d 1215, 1223–24 (Del.1999). As a result, it is not the plaintiff who must establish bad faith at trial, but the defendant who bears the burden, however slight, to show good faith. *Id.* In the context of determining demand futility, of course, no evidence is required since the issue is whether the particularized factual allegations are sufficient to create doubt about the disinterestedness and independence of a majority of the directors.

exempted under the new statute. On the other hand, to the extent that the conduct alleged to be reckless is predicated solely on allegations of sustained inattention to the duty it is arguable whether such conduct is "grossly negligent," but not conduct amounting to bad faith.

BALOTTI & FINKELSTEIN, DELAWARE LAW OF CORPORATIONS AND BUSINESS ORGANIZATIONS § 4.29 at 4–116 to 4–116.1 (3d ed. Supp. 2000).

We construe plaintiffs' complaint as alleging a breach of the directors' duty of good faith for the purposes of determining whether plaintiffs' claims are precluded by Columbia's waiver-of-liability provision. Under Delaware law, the duty of good faith may be breached where a director consciously disregards his duties to the corporation, thereby causing its stockholders to suffer. *See Nagy v. Bistricer*, No. Civ. A. 18017, 2000 WL 1759860, at *3 n. 2 (Del.Ch. Nov. 22, 2000). Here, Plaintiffs accuse the directors not merely of "sustained inattention" to their management obligations, but rather of "intentional ignorance of" and "willful blindness" to "red flags" signaling fraudulent practices throughout Columbia. Accordingly, regardless of how plaintiffs style their duty of care claims, we find that they have alleged a conscious disregard of known risks, which conduct, if proven, cannot have been undertaken in good faith. Thus, we hold that plaintiffs' claims are not precluded by Columbia's § 102(b)(7) waiver

provision. *See* 8 DEL. CODE ANN. § 102(b)(7)(ii) (exempting "acts or omissions not in good faith or which involve intentional misconduct" from waiver provision's protection).[2]

---

**2.** The Delaware Court of Chancery's recent decision in *Emerald Partners v. Berlin*, No. Civ. A. 9700, 2001 WL 115340 (Del. Ch. Feb. 7, 2001), is distinguishable from this case. In *Emerald Partners*, the plaintiff attempted to avoid the corporation's § 102(b)(7) waiver provision by arguing that the directors breached their duty of good faith. Vice Chancellor Jacobs rejected this argument, finding that the plaintiff had offered no evidence that the directors behaved with intentional or reckless indifference. *See id.* at *25–27.

While the claims in this case appear superficially similar to those in *Emerald Partners*, we note that, here, plaintiffs have set forth particularized factual statements which, if proven, would establish a breach of the duty of good faith. This is all plaintiffs are required to do at this pre-trial stage in the litigation. *See Brehm*, 746 A.2d at 254. *Cf. Emerald Partners*, 2001 WL 115340, at *1 ("This is the post-trial decision of the Court on the merits of the claims and defenses.").