Susan AUGIENELLO, Richard J. Doran, Philip Einhorn, Craig Nazzaro, Eileen Papp, and Vincent Amato, Plaintiffs–Appellants,

v.

COAST–TO–COAST FINANCIAL CORP., Alvin Dworman, Penny Pritzker, Nelson Stephenson, Monte Kurs, Kevin Sexton, and Neil Halleran, Defendants–Appellees,

John Does 1–100, Defendants.

No. 02–9043.

United States Court of Appeals, Second Circuit.

May 9, 2003.

Laura E. Longobardi, Pearl River, NY, for Appellants.

David W. Haller, Covington & Burling, New York NY, for Appellees.

PRESENT: CALABRESI, PARKER,* Circuit Judges.

* The Honorable Robert D. Sack of the United States Court of Appeals for the Second Circuit was originally assigned as a member of the panel, but recused himself prior to oral argu-

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 9th day of May, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiffs-appellants Susan Augienello, Philip Einhorn, Eileen Papp, Richard Doran, Vincent Amato, and Craig Nazzaro, former middle-management employees at the Mortgage Division of Superior Bank FSB ("Superior"), appeal the district court's August 14, 2002 judgment granting the motion to dismiss of defendants-appellees Coast-to-Coast Financial Corp. ("CCFC"), Superior's parent corporation, and Alvin Dworman, Penny Pritzker, Nelson Stephenson, Monte Kurs, Kevin Sexton, and Neil Halleran, all of whom were CCFC stockholders and/or officers of CCFC, Superior, or other CCFC subsidiaries. The plaintiffs' complaint included three causes of action. First, the plaintiffs claim that the defendants were fiduciaries under an Employee Retirement Income Security Act ("ERISA") plan, and that the defendants breached their fiduciary duties to the plaintiffs. Second, the complaint alleges that CCFC, Dworman, and Pritzker breached employment contracts that plaintiffs entered into with Superior. Finally, plaintiffs claim that CCFC, Dworman, and Pritzker were unjustly enriched by taking money from the ERISA plan and by unjustly using the plaintiffs' labor.

The plaintiffs claims depend on their entitlement to certain benefits (severance pay and deferred compensation) promised in the employment contracts between the plaintiffs and Superior. However, the district court found that the plaintiffs were not entitled to these benefits because, according to the terms of the employment contracts, the contracts terminated automatically when the Federal Deposit Insurance Corporation ("FDIC") placed Superior into receivership. Although the contracts also provided that rights and obligations that were vested when the contract terminated would survive the termination, the district court concluded that none of the plaintiffs claimed rights were vested at the time the contract terminated. We agree, for substantially the same reasons as those given by the district court, that according to the terms of the contract the plaintiffs did not have any vested rights at the time the contracts terminated. *See Int'l Multifoods Corp. v. Commercial Union Ins. Co.,* 309 F.3d 76, 83 (2d Cir.2002) ("Under New York law, the initial interpretation of a contract is a matter of law for the court to decide.... If the court finds that the contract is not ambiguous it should assign the plain and ordinary meaning to each term and interpret the contract without the aid of ex-

ment and did not participate in the appeal. The appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. Nat'l Broad. Co.,* 35 F.3d 45, 47 (2d Cir.1994).

trinsic evidence ...." (internal citations and punctuation omitted)).

On appeal, the plaintiffs have also argued that even if the defendants did not violate the express terms of the contracts, they violated the implied covenant of good faith and fair dealing.[1] The plaintiffs contend that the defendants "cannot be heard to argue that there was no breach of the Employment Agreements, asserting that those agreements terminated by operation of law and not in any manner that permitted the payment of continued compensation to [the plaintiffs] ... [because the defendants] themselves were the ones who proximately caused the failure of Superior, and are the alter egos of Superior. Consequently, they cannot be allowed to take advantage of circumstances that they created in order to avoid liability." Appellants' Br. at 17–18; *see also* Reply Br. at 5 (citing *Lowell v. Twin Disc, Inc.*, 527 F.2d 767 (2d Cir.1975) ("It is a fundamental principle of law that in every contract there exists an implied covenant of good faith and fair dealing. Furthermore, each contract contains an implicit understanding that neither party will intentionally do anything to prevent the other party from carrying out his part of the agreement.")).

However, as the plaintiffs' counsel acknowledged at oral argument, the complaint does not include a claim for or allegation of a breach of the duty of good faith and fair dealing. Nonetheless, plaintiffs ask us to construe their complaint liberally to reach this issue. Although we recognize the principle that, on a motion to dismiss, the complaint should be construed liberally, *see Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001), that principle is not enough to save the plaintiffs here. Nowhere in the complaint is there any mention of a duty of good faith and fair dealing, or allegation that the defendants breached such a duty. Thus, the plaintiffs are not asking for liberal construction of their complaint so much as amendment of the complaint to include a claim that they did not plead. Because the plaintiffs never sought leave in the district court to amend the complaint to add such a claim, we conclude that there was no error in the district court's decision to dismiss the plaintiffs' complaint for failure to state a claim.

We have considered all of the appellants' remaining arguments and find them to be without merit. For these reasons, the judgment of the district court is AFFIRMED. In light of this holding, we deny as moot CCFC's February 10, 2003 Motion for "Judicial Notice of Complaint Filed by Plaintiffs–Appellants in Related Case." In light of this holding, we deny as moot CCFC's February 10, 2003 Motion for "Judicial Notice of Complaint Filed by Plaintiffs–Appellants in Related Case."

---

1. Although the plaintiffs have not sued Superior, the counter-party to the employment contracts, they contend that the defendants here may properly be held accountable for Superior's obligations by piercing the corporate veil. *See Island Seafood Co., Inc. v. Golub Corp.*, 2003 N.Y. Slip Op. 11959, 2003 WL 1090189, at *1 (3d Dep't Mar.13, 2003). However, in order for corporate veil piercing to be of any assistance, the plaintiffs must first establish a claim against Superior. Because we agree with the district court's conclusion that the plaintiffs did not have any vested rights under the employment contracts, the only remaining argument for a claim against Superior is for a breach of the implied covenant of good faith and fair dealing.