Pereira v. Farace                                      June 30, 2005
Docket No. 03-5053


JON O. NEWMAN, Circuit Judge, concurring:

Whether a jury is available for a claim against a fiduciary for money damages for breach of fiduciary duties is, for me, a close question. The Court is confident that a jury trial is available. I find that proposition at odds with centuries of equitable proceedings involving claims against trustees, estate executors, and other fiduciaries, although I acknowledge that the proposition finds some support in the two cases from the 1960s cited by the Court and, more significantly, in the dictum recently stated by the Supreme Court in Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002). Although that statement is dictum, I reluctantly agree that we should follow it, and therefore concur. I think it useful, however, to indicate that the issue is far closer than the Court acknowledges.

It is literally black letter law, as set forth in the Restatement (Second) of Trusts, that remedies against a fiduciary, such as a trustee, are exclusively equitable, with an exception, inapplicable in the pending case, for recovery of (1) a fixed sum of money that the fiduciary is under a duty to pay immediately and unconditionally or (2) a chattel that the fiduciary is under a duty to transfer immediately and unconditionally:

**§ 197 Nature of Remedies of Beneficiary**

**Except as stated in § 198, the remedies of the beneficiary against the trustee are <u>exclusively equitable</u>.**

**§ 198 Legal Remedies of Beneficiary**

**(1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment.**

**(2) If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him.**

Restatement (Second) of Trusts §§ 197, 198 (1959) (emphasis added).

As the Restatement makes clear, the remedy at law for payment of a sum of money immediately and unconditionally due the beneficiary applies to money in the hands of the trustee that is being wrongfully withheld. An example is money to be paid to a trust beneficiary upon reaching a specified age. <u>See</u> Restatement (Second) Trusts, § 198, illustration 1. Apart from this exception, it is black letter law that the beneficiary has an equitable remedy to compel the trustee to redress a breach of trust:

**§ 199 Equitable Remedies of Beneficiary**

**The beneficiary of a trust can maintain a suit**
**. . .**
**(c) to compel the trustee to redress a breach of trust[.]**

**§ 205 Liability in Case of Breach of Trust**

**If the trustee commits a breach of trust, he is chargeable with**
**(a) any loss . . . in the value of the trust estate resulting from the breach of trust[.]**

Restatement (Second) Trusts §§ 199, 205.

A leading encyclopedia states the matter in similar language:

A trustee may be sued in equity, upon misapplication of trust funds, for a breach of trust, and, indeed, the remedies available to the beneficiaries of a testamentary trust against the trustee for a breach of trust are <u>exclusively equitable</u>. An action by beneficiaries for a breach of trust is an equitable proceeding, <u>even if money damages are the only remedy sought</u>.

76 Am. Jur. 2d § 598, at 627-28 (footnotes omitted) (emphases added).

A leading treatise echoes the point:

## § 199. Equitable Remedies of Beneficiary

A court of equity, having jurisdiction over the administration of trusts, will give the beneficiaries of a trust such remedies as are necessary for the protection of their interests. . . . These remedies include . . . redress for breach of trust.

III William F. Fratcher, <u>Scott on Trusts</u> § 199, at 203-04 (4th ed. 1988).

Abundant case law supports the ability of the victims of a breach of fiduciary duties to obtain money damages in equity from a defendant in breach of fiduciary duties. <u>See</u>, <u>e.g.</u>, <u>In re Interborough Consolidated Corp.</u>, 288 F. 334 (2d Cir. 1923); <u>Masters v. Bissett</u>, 101 Or. App. 163, 790 P.2d 16, <u>modified on other grounds</u>, 102 Or. App. 289, 794 P.2d 445 (1990) <u>Magill v. Dutchess Bank and Trust Co.</u>, 150 A.D.2d 531, 541 N.Y.S.2d 437 (2d Dep't 1989); <u>Estate of Rothko</u>, 84 Misc. 2d 830, 887, 379 N.Y.S.2d 923, 978 (N.Y. Sur. 1975) (surrogate required trustee to pay $6,464,880 in damages to trust beneficiaries), <u>mod. on other grounds</u>, 56 A.D.2d 499, 392 N.Y.S.2d 870 (1st Dep't), <u>aff'd</u>, 43 N.Y.2d 305, 401 N.Y.S.2d 449 (1977).

Despite the sweep of the pronouncements in the Restatement, the American Jurisprudence encyclopedia, and the Scott treatise, and the decisions that have awarded money damages in equity against

fiduciaries in breach of their fiduciary duties, some decisions have made a distinction between claims against a fiduciary in equity and claims against a fiduciary at law. "Where . . . the beneficiaries of a trust sue the trustee in order to restore funds to the trust, the action is considered equitable in nature." Allard v. Pacific National Bank, 99 Wash. 2d 394, 400-401, 663 P.2d 104, 108 (1983) (citing Baldus v. Bank of California, 12 Wash. App. 621, 530 P.2d 1350 (1975); Spitznass v. First National Bank, 269 Or. 676, 525 P.2d 1318 (1974)). The restoration of funds to the trust is often referred to as a "surcharge." Allard, 99 Wash. at 401 (citing Lockwood v. OFB Corp., 305 A.2d 636, 638 (Del. Ch. 1973)). On the other hand, "[w]here the beneficiaries seek recovery for themselves personally, the action is considered legal in nature." Id. at 400 (citing Brys v. Pratt, 55 Wash. 2d 122, 104 P. 169 (1909)).

In the pending case, the Court cites two court of appeals decisions from the 1960s in support of the proposition that a jury is required in a suit involving a trust or a fiduciary where only "legal issues," Halladay v. Verschoor, 381 F.2d 100, 109 (8th Cir. 1967), or a claim "actionable in a direct suit at common law," DePinto v. Provident Security Life Insurance Co., 323 F.2d 826, 837 (9th Cir. 1963), are involved. Halladay strikes me as rather weak authority for a jury right in claims against a fiduciary because the Court noted that the complaint against the defendant "failed to allege any specific averments of fiduciary relationship between the parties." Halladay, 381 F.3d at 109. DePinto broadly states that "where a claim of breach of fiduciary duty is predicated on underlying conduct, such as negligence, which is actionable in a direct suit at common law, the

issue of whether there has been such a breach is . . . a jury question."  323 F.2d at 837.  That statement, if followed literally, would authorize jury trials for countless surcharge actions against trustees and executors, normally litigated on the equity side, because it is not uncommon for a claim of breach of fiduciary duties to include an allegation that the breaching fiduciary was negligent.

More relevant, it seems to me, is the discussion in Ross v. Barnhard, 396 U.S. 531 (1970), which upheld a right to jury trial for a shareholder's derivative suit.  In ruling for a jury trial, the Court said:

> [T]he corporations claim is, at least in part, a legal one.  The relief sought is money damages.  There are allegations in the complaint of breach of fiduciary duty, but there are also allegations of ordinary breach of contract and gross negligence.  The corporation, had it sued on its own behalf, would have been entitled to a jury's determination, at a minimum, of its damages against its broker under the brokerage contract and of its rights against its own directors because of their negligence.  Under these circumstances it is unnecessary to decide whether the corporations' other claims are also properly triable to a jury.

Id. at 542-43.  Although the Court does not decide whether the other claims, i.e., the breach of fiduciary duty claims, are triable to a jury, a reasonable inference from the introduction of the law claims with the word "but," in distinction to the breach of fiduciary claims is that the latter, standing alone, would not require a jury.

Even if the isolated state court cases such as Spitznass and Brys, cited above, are correct in requiring a jury for a claim against a trustee for damages for the personal benefit of a plaintiff, as distinguished from a claim to replenish a trust, I have difficulty understanding why the issue of whether a fiduciary has breached his duties requires a jury when the defaulting trustee must pay money to a

claimant but does not require a jury in a typical surcharge action when the trustee must pay the same amount of money to the trust for the same breach of duty.

Despite the sweep of the language from the Restatement supporting actions in equity against fiduciaries for breach of their duties and the rarity of decisions requiring a jury for such claims, I am persuaded that the Supreme Court's dictum in Great-West, sends a signal that should not be ignored. The Court there stated: "[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds in the defendant's possession." Great-West. 534 U.S. at 214 (footnote omitted). The statement is dictum with respect to an action against a fiduciary because the defendant in Great-West was not a fiduciary. But the Court appears to be little concerned with the nature of the defendant and critically concerned with whether the defendant is being compelled to disgorge specific, traceable funds in his possession, in which case the action is in equity, or to pay money out of his pocket, i.e., damages, to a claimant. Restitution of the latter type, the Court states, requires a jury. In my view, this broad assertion of a jury right is at odds with numerous traditional equity actions that have historically been brought and currently are being brought in probate courts throughout the country without juries. Nevertheless, the Supreme Court has asserted that the availability of the jury turns on whether the funds being sought are in the defendant's possession, and I am obliged to follow that guidance.

Since the funds being sought in the pending case are not in the

defendant's possession, the claim appears to require a jury under Great-West, notwithstanding that the basis of the claim is breach of fiduciary duties.  For these reasons, I concur in the Court's opinion.