In re CENTURY ELECTRONICS MANUFACTURING INC., Century Electronics Manufacturing (NE), Inc., Amitek Corporation, and Century Electronics Manufacturing West Coast Operations, Inc., Debtors.

Mark Lincoln, as Trustee of the Century Electronics Manufacturing, Inc. D & O Trust, and John J. Monaghan, as Trustee for the Century Electronics Manufacturing, Inc. Creditors' Trust, Plaintiffs,

v.

Thomas DePetrillo, Robert S. Cohen, Walter Conroy, Louis Gaviglia, Ofer Nemirovsky, James M. Roller, individually and in their capacities as directors and officers of Century Electronics Manufacturing, Inc., Century Electronics Manufacturing (NE), Inc., Amitek Corporation, Century Electronics Manufacturing West Coast Operations, Inc., and Royal & Sun Alliance USA d/b/a Royal Insurance Company of America, Defendants.

Bankruptcy Nos. 01–40153–JBR, 01–40156–JBR.
Adversary No. 03–4009.

United States Bankruptcy Court, D. Massachusetts, Western Division.

July 17, 2006.

George W. Tetler, III, Bowditch and Dewey, Worcester, MA, for debtors.

David M. Nickless, Fitchburg, MA, trustee.

## MEMORANDUM OF DECISION

JOEL B. ROSENTHAL, Bankruptcy Judge.

The matter before the Court is the Defendants' Motion in Limine (docket # 242) to preclude the Plaintiffs from introducing any evidence barred by the exculpatory clause in the Restated Certificate of Incorporation of Century Electronics Manufacturing Inc. ("Century"), a Delaware corporation. More specifically, Defendants Cohen, Conroy, DePetrillo, Gaviglia, Nemirovsky and Roller, former directors and officers of Century, assert that Plaintiffs should be precluded from offering any evidence relating to the breach of the duty of care by Defendants who were directors of Century. The Plaintiffs Mark Lincoln, as Trustee for the Century Electronics Manufacturing, Inc. D & O Trust, and John J. Monaghan, as Trustee for the Century Electronics Manufacturing, Inc. Creditors' Trust, respond by saying that the exculpatory clause does not preclude their claims in this case and that a ruling to exclude such evidence would be impossible to apply at trial.

Plaintiffs claim that the Defendants' motion in *limine* is not really a motion in *limine* at all, but a substantive motion. The Plaintiffs argue that a motion in *limine* is not an appropriate means for raising an exculpatory clause defense, pointing out that the Defendants raised similar arguments in their summary judgment motion, which was denied by the Court. They argue that these "recycled arguments" should "meet with the same fate." Plaintiffs cite several cases where courts have declined to consider substantive arguments contained within in *limine* motions. For example, "[p]laintiff's Motion in Limine thus appears to be a Motion for Summary Judgment in disguise. As such, it has no merit as a motion in limine." *Mills v. Hawranik*, 1995 WL 387839 *2 (N.D.Ill.1995). Nevertheless, the Court will address this Motion.

Article VI of Century's Restated Certificate of Incorporation provides, in part:

A director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability i) for any breach of the director's duty or loyalty to the Corporation or its stockholders, ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of the law, iii) under Section 174 of the Delaware General Corporation Law, or iv) for any transaction from which the director derived any improper personal benefit.

Each of the subsidiaries of Century has a similar exculpatory provision in its Articles of Incorporation.

■ Such provisions limiting the liability of company directors are permitted by Delaware law. Section 102(b)(7) of the Delaware General Corporations Law provides, in part, that a certificate of incorporation may contain:

A provision eliminating or limiting the personal liability of a director to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, provided that such provision shall not eliminate or limit the liability of a director: i) for any breach of the director's duty of loyalty to the corporation or its stockholders; ii) for acts or omissions not in good faith which involve intentional misconduct or a

knowing violation of law; iii) under § 174 of this title; or iv) for any transaction from which the director derived any improper personal benefit.

8 Del.C. § 102(b)(7).

Notably, § 102(b)(7) talks only about the liability of "directors" and makes no mention of "officers." The plain language of the statute thus suggests that officers might not enjoy the same protections as do directors. The question then becomes whether or not directors who are also officers are shielded from liability by the provisions of the exculpatory clause.[1]

The Defendants claim that directors who are also officers of a corporation are equally shielded from liability by the exculpatory clause, citing *Arnold v. Society for Savings Bancorp, Inc.*, 650 A.2d 1270 (Del. 1994). In *Arnold*, plaintiff stockholder brought action against two corporations and their directors, alleging, among other things, breach of fiduciary duty. The plaintiff claimed that the defendants' conduct implicated the duty of loyalty and that the conduct fell within the exceptions in § 102(b)(7). *Id.* at 1287. He further claimed that the actions of one of the defendants in his role as an officer of the corporation fell outside the protection of § 102(b)(7). *Id.* at 1288. The court found that the plaintiff's argument regarding the actions taken by the defendant in his capacity as an officer lacked merit because "plaintiff has failed to highlight any specific actions Connell undertook as an officer (as distinct from actions as a director) that fall within the two pertinent exceptions to section 102(b)(7)." *Id.*

The court in *Arnold* did not hold that claims against directors who are also officers are barred, only that the plaintiff had been unable to identify actions taken by the defendant in his capacity as an officer of a corporation. The question as to what happens when a plaintiff can identify specific actions taken by a defendant in his capacity as an officer was left open by the court.

In another Delaware case where the plaintiff was unable to point out the actions taken by one of the defendants in his capacity as an "officer separate from those he supposedly took as a director," the defendant was treated as just a director of the corporation for the purposes of the motion. *IT Litigation Trust v. D'Aniello*, No. 02–10118, 2005 WL 3050611 at *9 (D.Del. Nov. 15, 2005).

When confronted directly with the question of whether exculpatory provisions authorized by Section 102(b)(7) protect officers who are also directors from liability arising from their actions taken as officers, federal courts have reached different conclusions. Most federal courts hold that Section 102(b)(7) provisions are not applicable to officers of corporations: "[b]y its terms, the statute's exculpation language does not apply to *officers* of Delaware corporations." *In re LTV Steel Co.*, 333 B.R. 397, 413 (Bankr.N.D.Ohio 2005) (emphasis in original) (citing *Pereira v. Cogan*, 294 B.R. 449, 534 (S.D.N.Y.2003)). The court added, "[t]herefore, to the extent that the ACC complains of the conduct of LTV Corporation's (a Delaware company) officers, the exculpation clause allegedly contained in LTV Corporation's Charter does not bar potential liability." *Id. See also Alberts v. Tuft (In re Greater Southeast Cmty. Hosp. Corp.)*, 333 B.R. 506, 528 (Bankr.D.D.C.2005)(noting that while one of the defendants may be immunized from a breach of fiduciary duty claim in his

---

1. Here, Cohen and Nemirovsky are the only Defendants who were never officers of Century. Roller served as an officer of Century. Conroy, Gaviglia and DePetrillo served as both directors and officers of Century. Stipulated Facts (docket # 231) at 3–4.

capacity as a corporate director, he may still be liable in his capacity as an officer).

Notably, the federal district court in Delaware held that the exculpatory clause protects both directors and officers against claims for breach of the duty of care. *See Continuing Creditors' Committee of Star Telecommunications Inc. v. Edgecomb,* 385 F.Supp.2d 449, 464 (D.Del.2004). The court did not explain why it believes officers should enjoy the same protections as directors or address cases that have held to the contrary.

■ Moreover, as emphasized by the Plaintiffs, their claims do not concern solely the duty of care, but implicate other fiduciary duties, such as duty of loyalty. The exculpatory provisions authorized by 8 Del.C. § 102(b)(7) only limit the liability on claims relating to breach of duty of care (gross negligence), but not the other fiduciary duties. For example, in *Malpiede v. Townson* the court held that the plaintiff's claim was barred by the exculpatory clause when the allegations were based "solely on the board's alleged breach of its duty of care." *Malpiede v. Townson,* 780 A.2d 1075, 1078 (Del.2004). The court explained further, "[w]here the factual basis for a claim *solely* implicates a violation of the duty of care, this court has indicated that the protections of such charter provision may properly be invoked and applied." *Id.* at 1093 (emphasis in original) (citations omitted). The court added that "had plaintiff alleged such well-pleaded facts supporting a breach of loyalty or bad faith claim, the Section 102(b)(7) charter provision would have been unavailing as to such

claims." *Id.* at 1094. However, "plaintiffs must plead facts supporting a claim that is not barred by the exculpatory charter provision—for example, a claim for a breach of the board's duty of good faith or loyalty." *Id.*[2] Further, "while it is true that duty of care claims alleging only grossly negligent conduct are precluded by § 102(b)(7) waiver provision, it appears that duty of care claims based on reckless or intentional misconduct are not." *McCall v. Scott,* 250 F.3d 997, 1000 (6th Cir.2001).

■ Based upon the plain language of the statute, this Court agrees with the majority interpretation of Section 102(b)(7) and holds that the exculpatory clause does not shield officers who are also directors from breach of fiduciary duty claims arising from their acts taken as officers. While it is true that in this case, potentially, the Plaintiffs will have to identify the actions taken by the Defendants in their capacity as officers, it does not necessarily follow that Plaintiffs will be unable to do so during trial. As a practical matter, it will not be feasible at this stage of trial to try to parcel out actions taken by the Defendants in their capacity as directors and try to exclude the evidence solely relating to such actions.

■ It should be noted that some of the Defendants here, in addition to being directors and officers of Century, a Delaware corporation, were also directors or officers of its subsidiary, Century Electronics Manufacturing, (NE), Inc., a Massachusetts corporation. "The Delaware

---

2. *Malpiede* also addresses the time when the defendants might raise and argue the applicability of the bar of a Section 102(b)(7) provision to a breach of due care claim: "the Section 102(b)(7) bar may be raised on a Rule 12(b)(6) motion to dismiss (with or without filing of an answer), a motion for judgment on the pleadings (after filing an answer), or a motion for summary judgment (or partial summary judgment) under Rule 56 after an answer, with or without supporting affidavits." *Malpiede v. Townson,* 780 A.2d at 1092. Notably missing is a mention of a motion in *limine* as an appropriate medium for raising an exculpatory clause defense.

courts have recognized that directors who hold dual directorships in the parent-subsidiary context may owe fiduciary duties to each corporation." *Claybrook v. Morris (In re Scott Acquisition Corp.)*, 2006 WL 1731277 *4 (Bankr.D.Del. June 23, 2006) (citations omitted). The Plaintiffs allege that actions taken by the Board of Century, the parent corporation, routinely affected the fate of the subsidiaries.[3] For example, Century's Board voted on whether to proceed with the December 2000 expression of interest from Mack Technologies, even though this offer concerned the purchase of assets of Century NE, the Massachusetts subsidiary. Consequently, it is possible that some of the Defendants could be found liable for breach of fiduciary duty under both Delaware and Massachusetts laws.

The Plaintiffs raise several other arguments as to why the provisions of the exculpatory clause should not apply. For example, they argue that the exculpatory clause does not bar claims brought on behalf of creditors. However, having reached the conclusion that the exculpatory clause authorized by § 102(b)(7) does not shield officers who are also directors from liability for acts taken in their capacity as officers, the Court does not need to address the Plaintiffs' other arguments. Consequently, the Defendants' Motion In Limine to Preclude Evidence Barred by Exculpatory Clause in Certificate of Incorporation is hereby DENIED.

A separate order was issued (Docket # 270).

---

**3.** Here, Conroy served as a director, Roller as an officer, and Gaviglia as both a director and officer of Century NE. Stipulated Facts (docket # 231) at 3–4. According to the Plaintiffs, DePetrillo also served as an officer of Century NE. The only Defendants who never held a position in Century NE are Cohen and Nemirovsky.