**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JASON ROBINSON,

        Plaintiff-Appellant,

v.

ARAPAHOE COUNTY SHERIFF
GRAYSON ROBINSON, in his
official capacity; JOSEPH DEMPSEY,
in his official and individual
capacities, JOHN DOES I-X, a series
of fictitious names,

        Defendants-Appellees.

No. 06-1170
(D.C. No. 05-cv-1433-REB-PAC)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

---

    Jason Robinson appeals from the district court's order granting summary

judgment in favor of the defendants, Grayson Robinson, Joseph Dempsey, and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

John Does I–X, on his claims for the violation of his civil rights pursuant to 42 U.S.C. § 1983. We reverse and remand the case for further proceedings.

## I. <u>BACKGROUND</u>

Mr. Robinson was formerly employed as a deputy sheriff with the Arapahoe County Sheriff's Office in Centennial, Colorado. In late December 2003, he was suspended pending an investigation of allegations of sexual misconduct leveled against him by some female inmates. While the investigation was still in progress, he resigned. Shortly thereafter, criminal charges were filed against him.

According to Mr. Robinson, the investigation yielded exculpatory evidence and the defendants withheld it from him and the prosecuting attorney until shortly before trial. Although the criminal charges were eventually dismissed, he claims that the case should never have been brought, or that it was unduly prolonged by the delay in disclosing the exculpatory evidence.

In his complaint, Mr. Robinson characterized his lawsuit as "an action to address violations of Plaintiff's federally protected civil rights pursuant to 42 U.S.C. § 1983 (including but not limited to his rights under the First, *Fourth and Fourteenth Amendments to the U.S. Constitution*) and/or other law, including but not limited to, the common law of the State of Colorado."[1] Aplt. App. at 13 (emphasis added). Specifically, in his claim for the violation of his constitutional

---

[1] Mr. Robinson also asserted state law claims for malicious prosecution, defamation and outrageous conduct. The district court dismissed them without prejudice when it granted summary judgment on the § 1983 claims.

rights, Mr. Robinson alleged that the defendants "subjected Plaintiff to deprivation of the rights and privileges secured by the Constitution and laws of the United States, including but not limited to his right not to be deprived of liberty and property without due process of law (procedural and substantive), *as well as to be free from unreasonable police conduct*." *Id.* at 21 (emphasis added).

In their motion for summary judgment, the defendants characterized Mr. Robinson's civil rights claim as asserting a violation of his due process rights, "specifically his alleged property and liberty interests in his employment." *Id.* at 44. In his opposition brief, Mr. Robinson described the claims as "alleg[ing] violations of his civil rights under 42 U.S.C. § 1983, in connection with Defendants' investigation and prosecution of alleged sexual misconduct while he worked for the Arapahoe County Sheriff as a prison guard." *Id.* at 117. In particular, immediately following the underlined heading "Malicious Prosecution," Mr. Robinson argued the following: "The U.S. Constitution, and *the 4th and 14th Amendments*, prohibit arbitrary police conduct." *Id.* at 127 (emphasis added). Further, Mr. Robinson posited that he "can establish a liberty-based claim for malicious prosecution." *Id.* at 130. However, he did not expand on this theory, because the defendants "ha[ve] not challenged that aspect of this case." *Id.*

In their reply, the defendants complained that Mr. Robinson had sandbagged them by asserting claims beyond the denial of due process in

connection with his employment, in particular, his assertion of a malicious prosecution claim under the Fourth and Fourteenth Amendments. Nonetheless, they urged the district court to dismiss this claim because Mr. Robinson had failed to plead a violation of his Fourth Amendment rights and could not establish the elements of a malicious prosecution claim.

While the defendants' motion for summary judgment was pending, the magistrate judge conducted a scheduling conference at which the following exchange with Mr. Robinson's counsel took place:

> The Court: So I'm not clear what the constitutional right is that you're going after for your client.
>
> The Lawyer: Okay. The unreasonable police conduct being alleged and the cases that we've cited under 1983 indicate that malicious or abusive conduct in the course of prosecuting an individual in a criminal action can support a federal 1983 action. And that's essentially –
>
> The Court: Yeah, but what's the constitutional right? 1983 is the vehicle by which you get here. So unreasonable police conduct could be a state tort, but what is it in federal law? That's what I'm having trouble with.
>
> The Lawyer: Okay. As I understand it, Your Honor, the line of cases and authority that we're relying on have looked to both procedural and substantive due process in terms of analyzing whether or not police or prosecutorial misconduct during a criminal case gives rise to a cause of action. The argument would be two-fold. One, procedural due process was denied by the delay of the sheriff's department and Sergeant Dempsey in producing under a prosecuting district attorney's office exculpatory information. And that that [sic] also rises to the level of a substantive due process violation.
>
> . . . .

The Court: I'm still having trouble with the constitutional right. And the substantive due process is just the fundamental unfairness of that.

The Lawyer: Of prolonging a criminal prosecution and, you know, misleading the prosecution and the criminal defendant about the existence of exculpatory information.

*Id*. at 289-90. As part of a minute order, the magistrate judge indicated that the "Constitutional rights the Plaintiff claims were violated by the Defendants are procedural and substantive due process." *Id*. at 220.

In its order for summary judgment, the district court cited the minute order that characterized Mr. Robinson's § 1983 claim as an alleged violation of "procedural and substantive due process," *id.* at 257 & n.3, and refused to address whether he also was asserting "a constitutional claim of malicious prosecution." *Id*. at n.3. As to the substantive and procedural due process claims, the court found that because their was no custom or policy of the sheriff's department at issue in the case, Mr. Robinson could not state a claim against the defendant Grayson Robinson, who was sued only in his official capacity. As to the defendants Joseph Dempsey (a sergeant), and John Does I–X, the court held that Mr. Robinson did not have a property interest in his job because he was an at-will employee, and his decision to resign from the department precluded a procedural due process claim based upon an alleged deprivation of a liberty interest.

In a motion for reconsideration, Mr. Robinson argued that the district court mistakenly relied on the minute-order summary for its finding that he had

withdrawn his claim for malicious prosecution under the Fourth and Fourteenth Amendments. In response, the court ruled that even if he could state a constitutional claim for malicious prosecution, any such claim arises exclusively under the Fourth Amendment, and no such claim was ever pled. Accordingly, the court denied the motion for reconsideration, and this appeal followed.

## II. DISCUSSION

We conclude that the district court's order was based on a misreading of the law and Mr. Robinson's pleadings. In *Pierce v. Gilchrist*, 359 F.3d 1279 (10th Cir. 2004), this court held that depending upon the underlying facts the constitutional tort of malicious prosecution may be properly analyzed under *either* the Fourth or Fourteenth Amendments. "The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause." *Id.* at 1285-86 (citations omitted). Although it is far from a model of clarity, Mr. Robinson's complaint expressly refers to the Fourth Amendment as one ground for his constitutional claims. And, while it is similarly opaque, Mr. Robinson's opposition brief adequately highlights the fact that his malicious prosecution claim rests on both the Fourth and the Fourteenth Amendments. Therefore, the district court erred in its interpretation of the scope and substance of Mr. Robinson's pleadings.

Further, based upon our review of the transcript of the scheduling conference, we cannot conclude that Mr. Robinson waived his malicious prosecution claim.[2]  As a general rule, "[a] party's waiver of the right to assert a claim must be knowing and voluntary."  *Stafford v. Crane*, 382 F.3d 1175, 1180 (10th Cir. 2004).  Consequently, courts have been reluctant to find waiver when a party's statements or actions are equivocal or ambiguous, even when they appear to conflict with the party's express pleading averments.  *See id.* at 1179-81; *see also Pereira v. Farace*, 413 F.3d 330, 341 (2d Cir. 2005), *cert. denied*, 126 S. Ct. 2286 (2006) (holding that bankruptcy trustee "who sought (and, indeed, *properly alleged in his complaint*) compensatory damages" (emphasis added) did not waive this claim by alleging, in response to the defendants' request for jury trial, that he was entitled to equitable restitution instead); *cf. United States v. Teague*, 443 F.3d 1310, 1317 (10th Cir. 2006) (noting that whether a waiver was knowing and voluntary "would ordinarily be in doubt when a party is silent or is responding to

---

[2]     Nor, on this record, can we conclude that Mr. Robinson forfeited his right to litigate his malicious prosecution claim by failing to object to the magistrate judge's brief minute-order summary, which made no mention of this claim.  *Cf. Gargiulo v. Delsole*, 769 F.2d 77, 78 (2d Cir. 1985) ("find[ing] no merit" in the argument that "plaintiffs failed to preserve their right to a jury trial by failing to object to the court notice that the case was on a nonjury calendar").  *See generally United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) (discussing the distinction between "waiver" and "forfeiture"; the latter is "the failure to make the timely assertion of a right"), *cert. denied*, 127 S. Ct. 247 (2006).

a request from another party *or the court*" (emphasis added)), *cert. denied*, 127 S. Ct. 247 (2006).

The record of Mr. Robinson's colloquy with the magistrate judge does not reflect that he unequivocally and unambiguously indicated his intent to waive his malicious prosecution claim. In particular, the mere fact that Mr. Robinson stipulated to certain claims does not necessarily mean that he waived his right to litigate other claims.

In this regard, our decision in *Stafford* is instructive. There, in his complaint, plaintiff sought a declaratory judgment that a trust was void *ab initio*. 382 F.3d at 1179. He subsequently entered into a stipulation with the defendant that the trust was void as of the date of the stipulation, May 9, 2002, and that its assets could be transferred into a trust of plaintiff's creation. *Id.* at 1179, 1181. The district court entered an agreed order based upon the stipulation. *Id.* at 1179. The defendant argued unsuccessfully at the commencement of the trial that plaintiff waived his claim that the trust was void *ab initio* by entering into the stipulation, because he did not explicitly reserve the claim. *Id.*

We "disagre[ed]" with defendant's contention that "stipulating that the Trust was null and void as of May 9, 2002, was inconsistent with or preclusive of a claim that the Trust was void ab initio. A determination of the former does not include a determination of the latter." *Id.* at 1181. We also made the following significant observation: "From the plain language of the stipulation, the only

-8-

issue resolved was that the Trust was null and void; nothing in the stipulation or the order speaks to the creation of the Trust or its status previous to the stipulation." *Id.* Noting that waivers of the right to assert claims must be knowing and voluntary, we held that "[i]n the absence of" explicit language in "the stipulation or the resulting court order" that the parties "have agreed that the Trust was at any time valid or that it was not void ab initio," we could not conclude that plaintiff had waived the right to litigate his *ab initio* contention. *Id.* at 1180.

Similarly, in his complaint Mr. Robinson alleged, *inter alia*, a constitutional claim predicated upon the Fourth Amendment, which partially encompassed his malicious prosecution claim, and we cannot conclude that Mr. Robinson's counsel waived this claim simply because he agreed in his colloquy with the magistrate judge that Mr. Robinson was asserting constitutional procedural and substantive due process claims. Pursuing the latter set of claims did not naturally preclude him from pursuing the former (i.e., the malicious prosecution claim). And Mr. Robinson's counsel did not expressly discard his malicious prosecution claim; he simply was silent about it. Therefore, we hold that Mr. Robinson did not waive his malicious prosecution claim.

Accordingly, the district court's judgment is **REVERSED**, but only insofar as it effected the dismissal of Mr. Robinson's constitutional claim for malicious prosecution. The case is **REMANDED** to the district court for further

proceedings consistent with this order and judgment. We express no opinion regarding the merits of Mr. Robinson's malicious prosecution claim under either the Fourth Amendment or the Fourteenth Amendment's Due Process Clause.

Entered for the Court


Jerome A. Holmes
Circuit Judge