United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-2925
_____

KAREN KAMPA,                          *
                                      *
          Appellant,                  *
                                      *
     v.                               *    Appeal from the United
                                      *    States District Court for
                                      *    the District of Minnesota.
WHITE CONSOLIDATED                    *
INDUSTRIES, INC.,                     *
                                      *
          Appellee.                   *


_____

Submitted:  March 12, 1997

Filed:  June 6, 1997
_____

Before WOLLMAN and BEAM, Circuit Judges, and LAUGHREY,[1] District
     Judge.
_____

LAUGHREY, District Judge.


     Appellant Karen Kampa appeals from the district court's order denying
her a jury trial on her claim brought under the Minnesota Human Rights Act
(MHRA).  We reverse and remand for further proceedings.

_____

[1]The Honorable Nanette K. Laughrey, United States District
Judge for the Eastern and Western Districts of Missouri, sitting
by designation.

In April 1995, Kampa filed suit against her employer, White Consolidated Industries, Inc. (WCI), alleging, in part, discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the MHRA, Minn. Stat. § 363.01 et seq. Both parties made timely demands for a jury trial pursuant to Fed. R. Civ. P. 38. Shortly before trial, WCI moved to strike Kampa's jury demand and to revoke its own jury demand. The district court granted WCI's motions. The court determined that the events giving rise to Kampa's gender discrimination claim occurred prior to the effective date of the Civil Rights Act of 1991, and accordingly, Kampa had no right to a jury trial on her claim brought under Title VII. See Landgraf v. USI Film Prods., 511 U.S. 244, 280-86 (1994). The court also determined that because the MHRA specifically provided that claims brought under the Act were to be decided by a judge sitting without a jury, Kampa's MHRA claim would be decided by the court.

Kampa moved for reconsideration of the district court's order based upon our decision in Gipson v. KAS Snacktime Co., 83 F.3d 225, 230-31 (8th Cir. 1996), wherein we held that the Seventh Amendment guaranteed a jury trial to a plaintiff seeking damages in federal court under the Missouri Human Rights Act. The district court found Gipson was distinguishable, but certified for immediate appeal the question of whether Kampa had a Seventh Amendment right to a jury trial on her MHRA claim. We subsequently granted Kampa's petition for interlocutory appeal.

The issue of whether a party is entitled to a jury trial under the Seventh Amendment is a question of law. Accordingly, our review is de novo. Ackerman v. Northwest Airlines, Inc., 54 F.3d 1389, 1393 (8th Cir. 1995).

II.

The initial question presented to the Court is whether the Seventh Amendment right to a jury trial extends to a claim brought pursuant to the MHRA. The Seventh Amendment preserves the right to a jury trial in "suits at common law" filed in federal court. Tull v. United States, 481 U.S. 412, 417 (1987). Such suits include those in which legal rights and remedies, as distinguished from equitable rights and remedies, are to be determined. Curtis v. Loether, 415 U.S. 189, 193 (1974). Since the merger of the courts of law and equity, the Seventh Amendment right to a jury trial has been carefully preserved. "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 501 (1959)(quoting Dimick v. Schiedt, 293 U.S. 474, 486 (1935)).

In her Complaint, Kampa seeks compensatory and punitive damages, reinstatement, costs and attorneys' fees, which are all remedies authorized by the MHRA. Although we recognize that not every award of monetary relief constitutes a legal remedy, federal law has consistently held that money damages are generally characterized as a legal remedy. Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 570 (1990). Furthermore, "[r]emedies [that are] intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were issued by courts of law, not courts of equity." Tull, 481 U.S. at 422 (citing Curtis, 415 U.S. at 197). Based upon the rights and remedies at issue in this case, the Seventh Amendment guarantees Kampa a right to a jury trial on her MHRA claim. Gallagher v. Wilton Enters., Inc., 962 F.2d 120, 122-23 (1st Cir. 1992); Chauffeurs, 494 U.S. at 570.

Our conclusion is buttressed by our recent decision in Gipson in which we stated that "[t]he Seventh Amendment right to [a] jury trial extends to statutory causes of action, so long as the statute allows, and the plaintiff seeks, at least in part a legal remedy." 83 F.3d at 231 (citing Curtis, 415 U.S. at 194). In Gipson, we found that the Seventh Amendment right to a jury trial attached because the Missouri Human Rights Act provided for actual and punitive damages.

Our conclusion is not altered because the MHRA specifically provides that "[a]ny action brought pursuant to this chapter shall be heard and determined by a judge sitting without a jury." Minn. Stat. § 363.14, subd. 2. Nor are we persuaded by WCI's argument that the legislature intended to create an equitable remedy by prohibiting a jury trial and making the award of compensatory money damages discretionary. The right to a jury trial in federal court is clearly a question of federal law. Simler v. Conner, 372 U.S. 221, 222 (1963). Federal law controls the issue, even in cases such as this, where the federal court is enforcing a state-created right and "even when a state statute or state constitution would preclude a jury trial in state court." Gipson, 83 F.3d at 230 (citing Byrd v. Blue Ridge Rural Elec. Co-op., Inc., 356 U.S. 525, 538-39 (1958); Herron v. Southern Pac. Co., 283 U.S. 91 (1931)). Accordingly, federal law controls even if the Minnesota legislature intended to create only equitable remedies. The MHRA permits actual and punitive damages and pursuant to federal law those are legal remedies.

The only remaining issue is whether the Seventh Amendment guarantee must be balanced against the mandate of the Erie doctrine, an issue not addressed in Gipson. The Erie doctrine establishes that the federal courts in diversity cases must apply state substantive law but are free to apply federal procedural law.

-4-

<u>Guaranty Trust Co. of N.Y. v. York</u>, 326 U.S. 99 (1945). Later cases refining the <u>Erie</u> doctrine have held that the federal court should apply the law of the state, rather than federal law, if the right in question is bound up with the substantive claim created by state law. <u>Byrd</u>, 356 U.S. at 535 (citing <u>Cities Serv. Oil Co. v. Dunlap</u>, 308 U.S. 208 (1939)).

There is no clear evidence that Minnesota's prohibition against jury trials was bound up in the substantive rights created by the MHRA. More importantly, we are not persuaded that the <u>Erie</u> doctrine plays as central a role in this case as WCI advocates. In <u>Hanna v. Plumer</u>, 380 U.S. 460, 469-70 (1965), the Supreme Court held that where an arguably procedural right is at stake, and the issue is addressed by a Federal Rule of Civil Procedure, the <u>Erie</u> analysis is irrelevant. Several years later, in <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 27 n.6 (1988), the Supreme Court went one step further and stated that the aims of the <u>Erie</u> doctrine are immaterial and should not be considered where either a Federal Rule of Civil Procedure or a federal statute addresses an arguably procedural point in dispute. Necessarily, the <u>Erie</u> analysis must be equally inapplicable when there is a constitutional provision on point which is arguably procedural.

Accordingly, we reverse and remand to the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-