Steven VANCE, a minor, by and through his natural mother, next best friend, and legal guardian, Debra WOOD, Plaintiff,

v.

MIDWEST COAST TRANSPORT, INC.; Andrew D. Sweredoski; DCK Transport, Inc; Windwalker Transportation, Inc., Defendants.

No. 01–1422–WEB.

United States District Court, D. Kansas.

April 8, 2004.

Bradley A. Pistotnik, Affiliated Attorneys of Pistotnik Law Offices, PA, J. Darin Hayes, Hutton & Hutton, Wichita, KS, for Plaintiff.

Christopher J. Stucky, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City, MO, James R. Jarrow, Baker, Sterchi, Cowden & Rice, L.L.C., Overland Park, KS, for Defendants.

### MEMORANDUM AND ORDER

WESLEY E. BROWN, Senior District Judge.

At a pretrial/status conference on April 8, 2004, the Court considered objections raised by Defendants to the proposed pretrial order (PTO) prepared by Magistrate Judge Humphreys. The Court also noted the parties' contentions regarding punitive damages, most of which involve constitutional rights.

Defendants' objections regarding admissibility will be resolved through motions in limine. The propriety of punitive damages under the facts of this case has yet to be established, but the Court will rule now on the issues of law raised by the parties. This Memorandum and Order supplements the Court's comments at the hearing.

## I. PLEADINGS

Plaintiff raised punitive damages in the initial pleadings. Defendants contend that Plaintiff's inclusion of punitive damages in the pleadings violates K.S.A. § 60–3703, which states, "[t]he court may allow the filing of an amended pleading claiming punitive damages on a motion by the party ... and on the basis of the supporting and opposing affidavits presented that plaintiff has established that there is a probability that the plaintiff will prevail on the claim." *Id.* Defendant argues this is substantive law, and that Plaintiff cannot proceed with the punitive damage claim "until the substantive determination has been made." PTO, at 7(c)(1)(J).

■ Courts in this district have repeatedly held that claims for punitive damages are properly pled in the complaint without court order. *See Schnuelle v. C & C Auto Sales, Inc.,* 99 F.Supp.2d 1294, 1299 (D.Kan.2000); Fed.R.Civ.P. 9(g).

## II. CONSTITUTIONAL ISSUES

Plaintiff invokes a right to a jury determination of the amount of punitive dam-

ages. The Defendants claim punitive damages violate their constitutional rights.

A. *Trial by jury Clause of the Seventh Amendment*

Plaintiff cites *Oleson v. Kmart Corporation*, 185 F.R.D. 631, 636–37 (D.Kan.1999), where Senior Judge Crow held that the Seventh Amendment[1], which does not bind the states, gives parties in a federal diversity suit the right to a jury determination of the amount of punitive damages. Under Kansas state law, "the trier of fact shall determine, concurrent with all other issues presented, whether such damages shall be allowed. If such damages are allowed, a separate proceeding shall be conducted by the court to determine the amount of such damages to be awarded." K.S.A. § 60–3702(a). In spite of this state provision, Judge Crow maintained that the federal court could not supplant the jury's function. 185 F.R.D. at 637.

Judge Crow stated that the application of the statute "in Kansas diversity cases is unsettled." *Id.*, at 636. The vast majority of published District of Kansas cases hold that the court should follow § 60–3702(a) and decide the amount of punitive damages. *See H. Wayne Palmer & Assoc. v. Heldor Industries*, 839 F.Supp. 770, 777 n. 5 (D.Kan.1993)(Judge Lungstrum); *Deere & Co. v. Zahm*, 837 F.Supp. 346, 352 n. 2 (D.Kan.1993)(Judge Lungstrum); *Ruiz v. Quiktrip Corp.*, 826 F.Supp. 1284, 1285 n. 1 (D.Kan.1993)(Judge O'Connor); *Whitten-*

*burg v. L.J. Holding Co.*, 830 F.Supp. 557, 565 n. 9 (D.Kan.1993)(Judge Saffels); *Metal Trading Services v. Trans–World Services*, 781 F.Supp. 1539, 1546 (D.Kan. 1991)(Judge Saffels). These cases deem the statute to be substantive and therefore controlling in federal court.[2]

The Tenth Circuit has affirmed punitive damages as determined by the district court pursuant to § 60–3702. *See Scheufler v. General Host Corp.*, 126 F.3d 1261, 1272 (10th Cir.1997) (reviewing Judge Theis' decision). This provides little guidance, however, because the panel did not address the Seventh Amendment, and the right to a jury trial may be waived. *See* Fed.R.Civ.P. 38(d). In fact, at the district level in *Scheufler*, Judge Theis refused to be governed by the portion of K.S.A. § 60–3702(a) which states: "the trier of fact shall determine, *concurrent with all other issues presented*, whether such [exemplary or punitive] damages shall be allowed." (Emphasis supplied.) Rejecting the Plaintiff's request to determine liability for both actual and punitive damages in the same trial pursuant to state law, Judge Theis held that, "the matter is clearly procedural. The federal courts need not follow the state procedure." *Scheufler v. General Host Corp.*, 895 F.Supp. 1411, 1414–15 (D.Kan.1995). Judge Theis then bifurcated the liability determinations, 895 F.Supp. at 1414, which the Tenth Circuit explicitly approved as an additional procedural safeguard for the defendant under the facts of that case.[3] See 126 F.3d at 1272.

1. "In suits a common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

2. There are other District of Kansas cases in which the court determined the amount of punitive damages without discussion of substantive/procedural issue, including one by

Judge Crow, *Ramirez v. IBP, Inc.*, 950 F.Supp. 1074 (D.Kan.1996). Judge Crow states in the *Oleson* decision that he did so based on the "implied agreement of the parties ...." 185 F.R.D. at 637 n. 8. (citation omitted).

3. A large punitive damage award had previously been imposed against the defendant in another lawsuit, and the punitive damages in *Scheufler* were imposed for conduct occurring

If the provision § 60–3702(a) requiring concurrent determination of liability for punitive damages is procedural and does not trump federal procedure, Fed.R.Civ.P. 42(b)(allowing bifurcation of all claims and issues), then the provision of § 60–3702(a) requiring court determination of punitive damages is also procedural and does not trump federal procedure, especially where the federal rule is based on the Seventh Amendment. *See* Fed.R.Civ.P. 38(a) (requiring trial by jury as declared by the Seventh Amendment "be preserved to the parties inviolate."). Other provisions within § 60–3702, such as the factors justifying punitive damages, § 60–3702(b), or the limits on the amount of punitive damages, § 60–3702(e), are binding on the federal court because they are substantive and provide the law to be applied by the trier of fact, whether court or jury. *See Gasperini v. Center for Humanities*, 518 U.S. 415, 428, 116 S.Ct. 2211, 135 L.Ed.2d 659, 674–75 (1996) ("a statutory cap on damages would supply substantive law for *Erie* purposes."); *O'Gilvie v. International Playtex, Inc.*, 821 F.2d 1438, 1448 (10th Cir.1987) ("the circumstances under which punitive damages are available in a diversity case are governed by state law … as are the substantive elements upon which an award of punitive damages may be based …."); *Henderson v. National Fidelity Life Ins. Co.*, 257 F.2d 917, 919 (10th Cir.1958) ("The measure of damages … is undoubtedly substantive law, as to which state law is controlling.").

■ Of course, distinguishing between procedural and substantive rules is "sometimes a challenging endeavor." *Gasperini*, 518 U.S. at 427, 116 S.Ct. 2211, 135 L.Ed.2d at 673–72. But another Tenth Circuit case, *Ensminger v. Terminix Intern. Co.*, 102 F.3d 1571, 1576 (10th Cir. 1996), shows that the distinction just made is correct. In *Ensminger* (as in *Scheufler* ) the Tenth Circuit affirmed a court-determined punitive damage award without considering Seventh Amendment issues.[4] In describing the district court's actions, the panel stated, "the [district] court set forth Kansas' substantive law of punitive damages, Kan. State. Ann. § 60–3701(b), and followed *the state procedure, Kan. Stat. Ann. § 60–3701(a),* for determining the amount to be awarded once the jury decided punitive damages should be allowed." *Id.* (Emphasis supplied.). If the § 60–3701(a) provision requiring court determination is "state procedure," it is not controlling in a diversity case. *See Gasperini,* at 427, 116 S.Ct. 2211, 135 L.Ed.2d at 673 ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). This fits the general rule that "[w]hether a case is entitled to a jury trial is a decision that must be made according to federal law in diversity cases," *Mile High Industries v. Cohen,* 222 F.3d 845, 856 (10th Cir.2000) and that "[f]ederal law generally governs the allocation of tasks between the court and the jury." *MidAmerica Fed. S. & L. v. Shearson/American,* 962 F.2d 1470, 1475 n. 7 (10th Cir.1992).

Other courts have come to similar conclusions. In *Kampa v. White Consolidated Industries, Inc.,* 115 F.3d 585, 586 (8th Cir.1997), the panel held Seventh Amendment rights attached in a diversity suit for actual and punitive damages even though

since the prior award. *See* 126 F.3d at 1271. The Defendant contended on appeal that the new award was "duplicative and unreasonable because it was based on the same wrongful conduct …." *Id.* The panel rejected this argument, noting the procedural safeguards employed by Judge Theis, including the bifurcation. *Id.* at 1272.

4. The defendant in *Ensminger* "urge[d] the court's ruling it lacked specific intent as a matter of law …." 102 F.3d at 1576.

under state law the action would be heard by a judge sitting without a jury. The panel stated that, "the aims of the *Erie* doctrine are immaterial and should not be considered where ... a Federal Rule of Civil Procedure ... addresses an arguably procedural point in issue. Necessarily, the *Erie* analysis must be equally inapplicable when there is a constitutional provision on point which is arguably procedural." *Id.* at 587. Another formulation of this doctrine is found in *Gasperini*, 518 U.S. at 427, n. 7, 116 S.Ct. 2211, 135 L.Ed.2d at 674 n. 7: "Concerning matters covered by the Federal Rules of Civil Procedure, the characterization question [procedural versus substantive] is usually unproblematic: It is settled that if the Rule in point is consonant with the Rules Enabling Act ... and the Constitution, the Federal Rule applies regardless of contrary state law."

In *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 235 (3rd Cir.1997), the panel considered a state law which provided that the court may impose punitive damages. Relying on Supreme Court precedent which established that punitive damages are the type of relief traditionally offered by the courts of law, the panel held that the Seventh Amendment jury trial rights attached. *See id.* at 236, citing *Curtis v. Loether*, 415 U.S. 189, 195–96, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974). The panel also rejected district court cases which held punitive damages were a matter for the court when "none of the cases analyzed the issue in a Seventh Amendment context." *Id.* at 236 n. 3, 94 S.Ct. 1005.

■ Therefore, the Court holds that, if the facts at trial support a submission of punitive damages to the jury, Plaintiff has a right under the Seventh Amendment and Fed.R.Civ.P. 38(a) to a jury determination of the amount of punitive damages.

B. *Constitutional objections to punitive damages.*

■ Defendants raise a number of constitutional arguments against punitive damages. *See* PTO, at 7(c)(1)(A)—(I). Defendants contend that a jury has total discretion to award punitive damages, which violates their due process and equal protection rights. Here, however, K.S.A. § 60–3702(b)—(f) lists factors to be applied, requires a finding by clear and convincing evidence, and caps the amount of the damages. An instruction which incorporated these substantive standards would provide sufficient guidance to the jury. And, of course, the jury's award is subject to review for unconstitutional excessiveness. *See BMW of N.Am. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

■ Defendants contend that the Fifth and Sixth Amendments are violated because Defendants "cannot exercise all of the ... rights which must be accorded to a party which is subject to the imposition of criminal penalty in the form of punitive damages." PTO, at 7(c)(1)(F). Defendants do not identify the specific rights at issue. The Fifth Amendment (together with the Fourteenth) does protect against excessive punitive damages, but it does not prohibit punitive damages in themselves. *See Hampton v. Dillard Dept. Stores, Inc.*, 18 F.Supp.2d 1256, 1276 (D.Kan.1998). The balance of the Fifth and Sixth Amendments deal with criminal prosecutions, and while punitive damages are penalties, they do not convert this into a criminal prosecution.

■ Defendants maintain that punitive damages violate the Equal Protection Clauses because "punitive damages discriminate against this Defendant on the basis of wealth...." PTO, at 7(c)(1)(G). The wealthy are not a suspect class, and the Equal Protection clause does not re-

quire absolute equality with regard to wealth. *See San Antonio Independent School Dist. v. Rodriguez,* 411 U.S. 1, 24, 28–29, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

Finally, Defendants argue "the imposition of punitive damages impairs this Defendant's right of access to the courts to adjudicate civil disputes." PTO, at 7(c)(1)(I). Punitive damages have long been a part of the common law. *See Molzof v. United States,* 502 U.S. 301, 306, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992).

### III. STATUS OF WINDWALKER TRANSPORTATION, INC.

Windwalker Transportation, Inc. (Windwalker), is still docketed as a defendant in this matter. The PTO does not make reference to Windwalker, however. The Court has been informed that the parties have agreed to a dismissal of Windwalker. If the parties intent to proceed to trial without Windwalker, an agreed order to that effect should be submitted to the Court.