**Dale GOETTSCH, et al., Plaintiffs,**

v.

**Thomas GOETTSCH, et al., Defendants.**

**No. C13–04053–MWB.**

United States District Court, N.D. Iowa, Western Division.

Signed July 8, 2014.

Bruce C. Recher, John N. Bisanz, Jr., Henson & Efron, PA, Minneapolis, MN, Wesley T. Graham, William W. Graham, Graham, Ervanian & Cacciatore, LLP, Des Moines, IA, for Plaintiffs.

John C. Gray, Jacob B. Natwick, Heidman Law Firm, LLP, Sioux City, IA, for Defendants.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

### TABLE OF CONTENTS

I. INTRODUCTION ................................................1234

II. BACKGROUND ................................................1234

III. ANALYSIS ..................................................1236
    A. Count One ..............................................1237
        1. Step One—Determine Nature of Action ...........................1237
        2. Step Two—Determine the Nature of Remedy .....................1238
    B. Count Two ..............................................1239
        1. Step One—Determine Nature of Action ...........................1239
        2. Step Two—Determine Nature of Remedy .........................1240
    C. The "Common Issues" Argument ....................................1242
    D. The Effect Of The Breach Of Contract Defense .......................1243

IV. CONCLUSION ................................................1244

## I. INTRODUCTION

This case is before me on a motion (Doc. No. 20) by plaintiffs Dale Goettsch, Kathy Goettsch and Margaret Steffen to strike defendants' jury demand pursuant to Rule 39(a)(2) and for an order that all issues be tried by the court. Defendants Thomas Goettsch, Brian Goettsch, Paul Goettsch, Circle G Farms, Inc. and Goettsch Farms have filed a resistance (Doc. No. 22) and the plaintiffs have filed a reply (Doc. No. 24). I held a telephonic hearing on June 10, 2014. Attorneys Bruce Recher, John Bisanz, Jr. and Wesley Graham appeared for the plaintiffs. Attorney Jacob Natwick appeared for the defendants. The motion is fully submitted.

## II. BACKGROUND

Plaintiffs filed this diversity action on June 12, 2013. Doc. No. 2. According to the complaint, the individual plaintiffs and

defendants are siblings and are current and former shareholders in Circle G Farms, Inc. (Circle G), a closely-held Iowa corporation that was set up to manage the inherited family farmland. Dale, Kathy and Margaret are citizens of Minnesota who each own 1,000 shares of Circle G stock. Tom and Brian are citizens of Iowa. Brian owns 1,000 shares while the parties dispute whether Tom owns 2,000 or 3,000 shares.[1] Paul is a citizen of South Dakota who previously owned 1,000 shares but either redeemed those shares or sold them to Tom in exchange for 80 acres of Circle G farmland.[2] Tom and Brian are also partners in and operate Goettsch Farms, an Iowa partnership that rents and farms Circle G's land. *Id.* at 1–5.

Plaintiffs contend that the defendants have "engaged in oppressive acts and omissions" as directors and controlling shareholders of Circle G in order to "squeeze out Plaintiffs as minority shareholders from meaningful participation in Circle G and from the financial benefits of being shareholders in Circle G." *Id.* at 6. In particular, the plaintiffs allege that the defendants have:

> caused Circle G to enter into contracts favorable to Defendants individually;

have breached their fiduciary duties of care and loyalty, have used corporate assets for personal benefit; have excluded Plaintiffs from meaningful participation in corporate matters; have retaliated against Plaintiffs; have failed to provide or disclose information relating to Circle G and its business to Plaintiffs; have terminated dividends and thereby any financial return to Plaintiffs; have engaged in transactions with each other which have caused unnecessary and adverse tax consequences to Circle G and its shareholders; and in a further effort to squeeze out Plaintiffs, have offered to purchase Plaintiffs' stock in Circle G for an inadequate sum at far less than fair value.

*Id.* at 6–7. In Count One, the plaintiffs seek a judicially-ordered dissolution of Circle G under Iowa Code § 490.1430, a mandatory buyout under Iowa Code § 490.1434, or other equitable relief. *Id.* at 22. In Count Two, they contend the defendants have breached their fiduciary duties of care and loyalty to the plaintiffs regarding the rental of Circle G's land to defendant Goettsch Farms (and, thus, to Tom and Brian) at below market value. Doc. No. 2 at 24–25.[3]

---

1. Plaintiffs and defendants agree that Tom purchased 1,000 shares from another sibling who is not part of this action, giving him at least 2,000 shares. Defendants contend that he also purchased Paul's 1,000 shares, for a total of 3,000 shares. *See infra* note 2.

2. Plaintiffs and defendants dispute the nature and outcome of the transaction. Plaintiffs maintain that Paul had his stock redeemed by Circle G and therefore, the plaintiffs and defendants each collectively own 3,000 of 6,000 total outstanding shares. Doc. No. 20–1 at 8. Defendants contend that Tom purchased the 80 acres from Circle G and then exchanged that land for Paul's shares, meaning Tom owns 3,000 shares and, collectively, the defendants own 4,000 of 7,000 outstanding shares. *See* Doc. No. 22–1 at 3

3. The complaint also includes Count Three, which asserts that the defendants breached their fiduciary duties to the plaintiffs in connection with a sale of Circle G farmland to Tom Goettsch. Doc. No. 2 at 26–27. Plaintiffs now contend that during discovery they have learned that the sale "was a fiction to recast the Circle G redemption of Paul Goettsch's stock." Doc. No. 20–1 at 11. They stipulate that they will not seek damages for Count Three but reserve the right to seek other relief. *Id.* Defendants do not argue that Count Three should nonetheless be tried to a jury. As such, I will not address Count Three in this order except to note that to the extent it is still part of this case, it will be tried to the court.

Defendants filed their answer (Doc. No. 10) on July 10, 2013, generally denying plaintiffs' substantive allegations and demanding a jury trial for all issues of the case. The answer includes an affirmative defense based on an allegation that the plaintiffs breached an oral contract for a buyout of their outstanding shares in Circle G. Doc. No. 10 at 10.

Plaintiffs seek to strike defendants' jury demand pursuant to Rule 39(a) of the Federal Rules of Civil Procedure. They assert that the causes of actions presented and the remedies requested in Counts One and Two are equitable in nature and therefore, the defendants have no right to a jury trial. Doc. No. 20–1 at 11–17. In their resistance, the defendants first contend that because plaintiffs brought a direct action rather than a derivative action on behalf of the corporation, the action is legal and, therefore, they have the right to a jury trial. Doc. No. 22–1 at 5–7. They also contend that the remedy requested in Count Two is legal in nature. *Id.* at 8. Further, they assert that because Count Two is a legal claim, both counts should be tried together before a jury. *Id.* Finally, and in the alternative, the defendants argue that because they have raised an affirmative defense (breach of contract) that is legal in nature, both of the plaintiffs' counts must be tried to a jury. *Id.* at 10.

### III. ANALYSIS

The Seventh Amendment to the Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The Supreme Court has consistently held that the Seventh Amendment right to a jury trial only applies in " 'suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable

rights alone were recognized, and equitable remedies were administered.' " *See, e.g., Ross v. Bernhard,* 396 U.S. 531, 533, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) (quoting *Parsons v. Bedford, Breedlove & Robeson,* 28 U.S. 433, 437, 3 Pet. 433, 7 L.Ed. 732 (1830)). When a party demands a jury trial, a jury trial must be granted on all issues so demanded unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed.R.Civ.P. 39(a)(2). " 'Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.' " *Kampa v. White Consol. Indus., Inc.,* 115 F.3d 585, 586 (8th Cir.1997) (quoting *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 501, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)).

To determine whether an action is a "suit at common law" that triggers the requirement of the Seventh Amendment, courts apply a two-step test. *See, e.g., Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Entergy Arkansas, Inc. v. Nebraska,* 358 F.3d 528, 541 (8th Cir.2004). First, the court compares the action in question " 'to the 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.' " *Granfinanciera,* 492 U.S. at 42, 109 S.Ct. 2782. In doing so, the court attempts to determine whether the action in question is more comparable to an action that would have been tried in a court of law or in equity. Second, the court "examine[s] the remedy sought and whether it is legal or equitable in nature." *Id.* The second step of the test is the more significant of the two. *Taylor Corp. v. Four Seasons Greetings, L.L.C.,* 403 F.3d 958, 968 (8th Cir.2005) (citing *Chauffeurs,*

*Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 565, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990)).

■ "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." *Ross,* 396 U.S. at 538, 90 S.Ct. 733 (citing *Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963)). In *Ross,* the Supreme Court found that although a derivative suit is usually an equitable proceeding, if the particular claims asserted within the suit are legal in nature, then the parties have the right to a jury trial for the legal claims under the Seventh Amendment. *Id.* at 542, 90 S.Ct. 733. When a suit involves both legal and equitable claims "and where there are common issues of fact, the normal practice is to try both claims to a jury. In this way, the jury's verdict will conclusively settle these common issues, and only issues peculiar to the equitable claim will be left to be decided by the judge." *Brownlee v. Yellow Freight Sys., Inc.,* 921 F.2d 745, 749 (8th Cir.1990) (citations omitted).

■ Federal law determines whether a party has the right to a jury trial in diversity actions. *InCompass IT, Inc. v. XO Commc'ns Servs.,* 719 F.3d 891, 896 (8th Cir.2013) (citing *Simler,* 372 U.S. at 222, 83 S.Ct. 609). In fact, "[f]ederal law controls the [right to a jury trial] issue, even in cases … where the federal court is enforcing a state-created right and even when a state statute or constitution would preclude a jury trial in state court." *Kampa,* 115 F.3d at 587. As such, federal courts may reference applicable state law but are not bound by it when it conflicts with federal Seventh Amendment jurisprudence. *Compare Bostic v. Goodnight,* 443 F.3d 1044, 1048 (8th Cir.2006) (referencing Arkansas law to determine whether the nature of the action was equitable or legal) *with Kampa,* 115 F.3d at 586–87 (granting

jury trial even when applicable Minnesota statute specified that the proceeding would be before a judge).

### A. Count One

■ In Count One, plaintiffs allege that individual defendants, as directors in control of Circle G, "have acted, continue to act, and likely continue to act in a manner that is illegal, oppressive, or fraudulent in connection with Circle G." Doc. No. 2 at 22. The plaintiffs contend that the defendants' actions "constitute oppressive conduct" under Iowa Code § 490.1430. *Id.* Thus, the plaintiffs seek judicial dissolution of Circle G. *Id.* at 23. In the alternative, plaintiffs request a mandatory buyout of their stock in Circle G at fair value, or other appropriate, equitable relief. *Id.*

Defendants do not contend that the nature of the action and the remedy requested in Count One are legal. However, I will independently review Count One to determine whether it is equitable or legal in nature and thus, whether defendants are entitled to a jury trial under the Seventh Amendment.

### 1. Step One—Determine Nature of Action

The relevant portions of Iowa Code § 490.1430 (2014) provide:

1. The *district court* may dissolve a corporation in any of the following ways:

  \*  \*  \*

b. [in a] proceeding by a shareholder if it is established that [:]

  \*  \*  \*

(2) The directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent.

  \*  \*  \*

(4) The corporate assets are being misapplied or wasted.

*Id.* [emphasis added]. Other provisions provide that other shareholders may purchase the dissolution-seeking petitioner's shares at fair value to avoid court-ordered dissolution. *See* Iowa Code §§ 490.1431(4), 490.1434. Although, Iowa law does not control whether the parties are entitled to a jury trial, I do find it useful to examine how Iowa courts have analyzed and applied the law in these statutes. In fact, Iowa courts have conducted these types of proceedings in equity. *See, e.g., Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 666 (Iowa 2013) (suit seeking judicial dissolution or mandatory buyout due to allegations of fraudulent, illegal and oppressive conduct and breach of fiduciary duty by defendants "was tried to the court sitting in equity").

Other courts, analyzing nearly identical provisions,[4] have also determined that judicial dissolution proceedings are in equity. *See Kreischer v. Kerrison Dry Goods Co.*, 172 F.3d 863, *2 (4th Cir.1999) (unpublished table decision) (accepting district court's determination that "judicial dissolution proceedings ... are equitable, not legal, and thus [the court] must decide whether to grant the requested relief."); *see also Waters v. G & B Feeds, Inc.*, 306 S.W.3d 138, 144 (Mo.Ct.App.2010) ("Dissolution of a corporation is an equitable action ....") (citation and internal quotation marks omitted). It is clear that statutory actions for judicial dissolution of a corporation, or for similar relief such as mandatory stock buy-outs, are equitable in nature. This weighs against defendants' request for a jury trial on Count One.

### 2. Step Two—Determine the Nature of Remedy

Plaintiffs request in Count One that the court order the judicial dissolution of the corporation, the mandatory buyout of plaintiffs' Circle G stock at fair value, or other appropriate relief. In determining whether the relief requested is equitable or legal, I again find it useful to turn to Iowa law. "Iowa courts have been willing to provide *equitable relief* for minority shareholder oppression...." *Spears v. Com Link, Inc.*, 837 N.W.2d 680, *7 (Iowa Ct.App.2013) (unpublished table decision) [emphasis added]. *Baur* even provides a lengthy list of the types of relief that the courts "sitting in equity" may provide after finding the controlling shareholders have acted oppressively. *Baur*, 832 N.W.2d at 677–78 (reciting remedies available by statute and remedies provided in applicable case law). Iowa courts have also empowered judges to fashion other, necessary equitable relief outside the statutory provisions "with considerable liberty." *Id.* at 678; *see also Maschmeier v. Southside Press, Ltd.*, 435 N.W.2d 377, 379 (Iowa Ct.App.1988) (analyzing oppression under a previous version of § 490.1430). In *Maschmeier*, the Iowa Court of Appeals stated that in determining whether the majority shareholders were oppressive to the minority, " 'a court of equity [could even] devise a remedy to meet the situation though no similar relief has been granted before.' " *Id.* (quoting *Holden v. Constr. Mach. Co.*, 202 N.W.2d 348, 363–64 (Iowa 1972)).

There is little doubt that the types of relief requested in Count One are equitable remedies to be determined and fashioned by the court, not the jury. Indeed, defendants agree that these types of relief

---

**4.** Like many other states, Iowa has adopted the Model Business Corporation Act; the statutory language is nearly identical across states that have adopted it. *Compare* Iowa Code § 490.1430 (2014), *with* S.C.Code Ann. § 33–14–300, *and* Mo.Rev.Stat. § 351.494

are equitable. Doc. No. 22–1 at 9. Because Count One is clearly equitable under the *Granfinanciera* test, the defendants are not entitled to a jury trial on Count One unless one of their alternative arguments succeeds in extending the jury trial right to that count. I will address those arguments in Sections III(C) and III(D), *infra.*

### B. Count Two

▮ In Count Two, plaintiffs allege the defendants have breached their fiduciary duties to plaintiffs by charging Goettsch Farms rents below fair market value for Circle G land. Doc. No. 2 at 24. This, the plaintiffs allege, has allowed the defendants to personally profit while damaging Circle G and its shareholders, as the corporation has lost revenue and can no longer pay out dividends. *Id.* Plaintiffs contend that defendants are "liable for damages" in excess of $100,000, stemming from the defendants' breach of fiduciary duty. *Id.* at 25.

#### 1. Step One—Determine Nature of Action

Numerous courts have found that "[a]ctions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity'—carrying with them no right to trial by jury." *In re Evangelist,* 760 F.2d 27, 29 (1st Cir.1985) (citing Restatement of Restitution, introductory note at 9 (1937)); *accord Pereira v. Farace,* 413 F.3d 330, 338 (2d Cir.2005); *In re Jensen,* 946 F.2d 369, 371 (5th Cir.1991) (abrogated on other grounds). Indeed, the Supreme Court noted in *Ross* that breach of fiduciary duty is generally an equitable claim. *See Ross,* 396 U.S. at 542, 90 S.Ct. 733

(discussing that for the breach of fiduciary duty, ordinary breach of contract and gross negligence claims, the corporation, in a direct action, "would have been entitled to a jury's determination, at a minimum," of the contract and negligence claim); *see also Pereira,* 413 F.3d at 346 (Newman, C.J., concurring) (making "reasonable inference" from *Ross* that fiduciary duty claims do not usually create right to a jury).

However, a breach of fiduciary duty claim does not always preclude a right to a jury trial. The Eighth Circuit Court of Appeals has found that although normally in equity, when " 'a claim of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is actionable in a direct suit at common law, the issue of whether there has been such a breach is . . . a jury question.' " *Halladay v. Verschoor,* 381 F.2d 100, 109 (8th Cir. 1967) (quoting *DePinto v. Provident Security Life Ins. Co.,* 323 F.2d 826, 837 (9th Cir.1963)) (improper and fraudulent administration of a charitable trust).[5] Courts in the Eighth Circuit have also found that when a fiduciary duty claim is "inextricably intertwined" with and "premised upon the same alleged course of conduct and common issues of fact" as other legal claims in the suit, like breach of contract, fraud or negligence, the fiduciary duty claim may be tried to a jury. *See Blue Cross & Blue Shield of Minn. v. Wells Fargo Bank, N.A.,* Civil No. 11–2529 (DWF/JJG), 2013 WL 2434875, at *1–*2 (D.Minn. June 4, 2013) (finding plaintiffs' non-ERISA breach of fiduciary duty claims created right to jury trial when brought with and intertwined with legal

---

5. Other circuits have criticized this view. *See, e.g., Pereira,* 413 F.3d at 339. *Pereira* rejects *Halladay,* positing that such a holding "effectively permit[s] every breach of fiduciary duty claim to be recast as an action at law such that parties seemingly would be entitled to a jury trial on any and all breach of fiduciary duty claims." *Id.* (internal citation and quotation marks omitted).

claims and when requested relief was legal in nature).

Defendants contend that the breach of fiduciary duty claim in Count Two is legal in nature because the plaintiffs brought it as a direct action rather than as a derivative action. Doc. No. 22–1 at 5–8. Defendants rely extensively on Iowa law for this assertion. *Id.* However, Iowa law does not control the Seventh Amendment right to a trial, nor does it provide a strong analogy to federal law. *See, e.g., Weltzin v. Nail,* 618 N.W.2d 293, 298–99 (Iowa 2000) (establishing "the Seventh Amendment has never been made applicable to the states" and declining to follow *Ross's* holding that within a derivative suit, there can be both legal and equitable claims). Contrary to defendants' argument, this court has not held that *federal law* stipulates "the existence of a fiduciary relationship, and any extent to which the fiduciary duty arising from such a relationship was breached, [are] questions for the jury." *See* Doc. No. 22–1 at 6 (quoting *Walker Mfg., Inc. v. Hoffmann, Inc.,* 220 F.Supp.2d 1024, 1041 (N.D.Iowa 2002)). In *Walker,* this court referenced Iowa law in the context of a motion for summary judgment, not a motion to determine the right to a jury trial under the Seventh Amendment. *See Walker,* 220 F.Supp.2d at 1041.

Instead, in determining whether a party is entitled to a jury trial, I must analyze the underlying "nature of the issue to be tried." *See Ross,* 396 U.S at 538, 90 S.Ct. 733. A claim that is usually equitable, like breach of fiduciary duty, can entitle parties to a jury trial if "the basic nature of the claims present only legal issues." *See Halladay,* 381 F.2d at 109. As the First Circuit Court of Appeals pointed out, courts have generally only found a right to a jury trial for breach of fiduciary duty claims when "the relevant conduct [supporting the breach of fiduciary duty claim]

was alleged to violate some such other legal principle [like fraud or breach of contract]." *In re Evangelist,* 760 F.2d at 31 (citing numerous cases and their associated legal claims, including *Ross* (breach of contract and gross negligence), *Halladay* (fraudulent transactions) and *DePinto* (gross negligence)).

The defendants do not argue that the basic nature of Count Two sets out only legal issues or that it is predicated upon allegations of conduct that would be actionable at law. While the complaint does allege some conduct that may be separately actionable at law, such as the misuse of corporate funds for personal benefit, it does not include a legal claim as a distinct count. In contrast, when courts have found that breach of fiduciary duty claims created jury trial rights, those claims had been brought as separate, legal claims. *See, e.g., Evangelist,* 760 F.2d at 31. Given the generally equitable nature of breach of fiduciary duty claims and the absence of compelling evidence that Count Two is based on underlying legal issues, I find that Count Two is equitable in nature. This weighs against finding a right to jury trial on that claim, but it is not determinative as I must also consider the nature of the relief requested.

#### 2. Step Two—Determine Nature of Remedy

Generally, an action for money damages is " 'the traditional form of relief offered in the courts of law.' " *InCompass IT, Inc.,* 719 F.3d at 897–98 (quoting *Chauffeurs,* 494 U.S. at 570, 110 S.Ct. 1339 (1990)). However, money damages can be an equitable remedy in limited circumstances. *Id.* Specifically, money damages may be considered equitable "where they are restitutionary, such as in action[s] for disgorgement of improper profits" or when the money is "incidental to or intertwined with injunctive relief. . . ." *Chauffeurs,* 494

U.S. at 570, 110 S.Ct. 1339 (internal quotation marks and citations omitted). Here, while the complaint demands an award of "damages," Doc. No. 2 at 25, plaintiffs contend that the money damages they seek in Count Two are actually a form of equitable restitution. Doc. No. 20–1 at 15–16.

Of course, merely calling a demand for monetary award "restitution" does not automatically transform it into an equitable form of relief. Rather, "despite the label attached to the remedy in [a] case, [the court] must look to the origin of the relief sought to determine whether it is equitable or compensatory." *Knieriem v. Grp. Health Plan, Inc.*, 434 F.3d 1058, 1061 (8th Cir.2006). The Supreme Court discussed the distinction between restitution at law and in equity in *Great–West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002):

> In the days of the divided bench, restitution was available in certain cases at law and in certain others in equity. Thus, "restitution is a legal remedy when ordered in a case at law and an equitable remedy ... when ordered in an equity case," and whether it is legal or equitable depends on "the basis for [the plaintiffs'] claim" and the nature of the underlying remedies sought.

*Id.* at 213, 122 S.Ct. 708 [citations omitted] (quoting *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir.1994) (Posner, J.)). The Court went on to discuss the nature of equitable restitution:

> [A] plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.... *Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.*

*Id.* at 213–14, 122 S.Ct. 708 [second emphasis added].[6] The goal of equitable restitution is "to punish the wrongdoer by taking his ill-gotten gains.... Compensatory damages on the other hand focus on the plaintiff's losses and seek to recover in money the value of the harm done to him." *Knieriem*, 434 F.3d at 1061. The single exception to the rule that the particular funds must be in defendants' possession is for an accounting of profits, which is not at issue here. *See Pereira*, 413 F.3d at 340.

Plaintiffs correctly note that their use of the word "damages" in the complaint cannot be determinative on the issue. *See* Doc. No. 20–1 at 15 (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–78, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) ("[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings.")). However, in considering the underlying theory and source of the requested monetary remedy, I find that the plaintiffs are seeking money damages—a *legal* remedy—not equitable restitution. Although they assert that their requested relief is a form of restitution, like "disgorgement of profits"

---

**6.** Although the Supreme Court was addressing a claim for reimbursement of insurance payments under the Employee Retirement Income Security Act (ERISA), lower courts have applied the Court's definition of equitable restitution in other contexts as well. *See Pereira*, 413 F.3d at 340 (corporate breach of fiduciary duty); *F.T.C. v. Verity Intern., Ltd.*, 443 F.3d 48, 66 (2d Cir.2006) (Federal Trade Commission action); *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 530–31 (D.C.Cir. 2006) (class action against airline).

and "unjust enrichment," [7] this assertion is not supported by the facts. *See* Doc. No. 20–1 at 15–16. *Great–West* makes it clear that for money damages to lie in equity, the money must be "identified as belonging in good conscience to the plaintiff [and] c[an] clearly be traced to particular funds ... in the defendant's possession .... [and] the action generally must seek not to impose personal liability on the defendant...." *Great–West*, 534 U.S. at 213, 122 S.Ct. 708. The monetary award requested here does not plainly belong to the plaintiffs, nor can it be clearly traced to particular funds in the defendants' possession. Assuming *arguendo* that by keeping the rents for Circle G low, defendants did breach their fiduciary duty; the difference between fair market rental value and the price actually paid would not plainly belong to the plaintiffs as the corporate entity would also have a valid claim for lost revenue. The differential also could not be clearly traced to particular funds in the defendants' possession. Rather, this type of award would impose personal liability on the defendants. Plaintiffs are, in fact, seeking compensatory damages as their request focuses on the plaintiffs' perceived losses and harm.[8]

Although I have found the nature of the breach of fiduciary duty claim is equitable in this case, that finding does not preclude a right to a jury trial because the nature of the remedy requested is given more weight in determining the right to a jury trial under the Seventh Amendment. *See, e.g., Tull v. United States*, 481 U.S. 412,

421, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987) ("[C]haracterizing the relief sought is '[m]ore important' than finding a precisely equivalent analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial.") Other courts have likewise found that an otherwise equitable claim, like breach of fiduciary duty, has the right to a jury trial when the relief requested is legal. *See Pereira*, 413 F.3d at 340–41. I find that the defendants are entitled to a jury trial on Count Two because the plaintiffs are seeking a legal remedy.

### C. The "Common Issues" Argument

■■■■ Defendants argue that because they have a right to jury trial on Count Two, "all of the claims in Plaintiffs' Complaint should be tried to a jury." Doc. No. 22–1 at 8. The Supreme Court has held that "if a 'legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'" *Tull*, 481 U.S. at 425, 107 S.Ct. 1831 (quoting *Curtis v. Loether*, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974)); *see also Smith Flooring, Inc. v. Penn.Lumbermens Mut. Ins. Co.*, 713 F.3d 933, 937 (8th Cir.2013) ("The constitutional right to a jury trial must be preserved when the litigation involves legal and equitable claims with common issues."). However, this does not mean the parties automatically have the right to a jury trial on equitable claims simply because legal

---

**7.** Plaintiffs cite to a few cases for "unjust enrichment" and "disgorgement of profits" as equitable restitution in the form of money damages but fail to demonstrate how the cases are factually similar or persuasive. *See Brown v. Kerkhoff*, 279 F.R.D. 479 (S.D.Iowa 2012) (plaintiffs sought return of payments to defendant chiropractor for unnecessary services); *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999 (8th Cir.2004) (plaintiff

sought equitable remedy of accounting of profits to receive interest on improperly delayed payments of benefits under ERISA).

**8.** Plaintiffs' counsel acknowledged during the hearing that the relief sought in Count Two includes a money judgment against the defendants that would be satisfied from the defendants' personal assets.

claims are also present. As the First Circuit Court of Appeals has explained:

> [J]oining a legal claim with an equitable claim does not give a [party] a right to a jury trial on the equitable claim. Rather, at most it gives the [party] a right to have the jury decide *common issues of fact,* and hence, it can provide a right to have the legal claim tried first.

*Evangelist,* 760 F.2d at 32 [emphasis added]. As the defendants note, the general practice is to try the legal claims and common issues of fact to the jury first and any "issues peculiar to the equitable claim will be left to be decided by the judge." Doc. No. 22–1 at 8–9 (quoting *Smith Flooring,* 713 F.3d at 937). In *Smith Flooring,* the Eighth Circuit Court of Appeals referenced relevant state law to determine if there were any common issues between a legal breach of contract claim and an equitable counterclaim for reformation that would need to be determined by the jury. 713 F.3d at 937–38 (finding that the contractual terms of the agreement were an essential part of the underlying substantive law on both claims and therefore, constituted a common issue of fact to be decided by the jury).

Defendants are not entitled to a jury trial on Count One merely because Count Two presents a legal claim that must be tried to a jury. Instead, I must determine whether there are common issues in Counts One and Two that should be determined by the jury. As both the plaintiffs and defendants noted, fiduciary duty is closely linked with minority oppression under Iowa law. Doc. Nos. 20–1 at 14; 22–1 at 9; *see Baur,* 832 N.W.2d at 673–74 ("The fiduciary duty also mandates that controlling directors and majority shareholders conduct themselves in a manner that is not oppressive to minority shareholders."). Determinations of minority oppression ultimately "focus on wheth-

er the reasonable expectations of the minority shareholder have been frustrated under the circumstances." *Baur,* 832 N.W.2d at 674. Undoubtedly, some of the defendants' alleged conduct could—if found to constitute a breach of fiduciary duty by the jury—also support a finding of minority oppression. In other words, the underlying, contested facts regarding defendants' conduct include common issues between the legal and equitable claims that would naturally be decided by jury. At trial, then, the jury will first decide Count Two. The court will then resolve Count One, drawing from the jury's conclusions regarding Count Two and, if necessary, fashioning appropriate equitable relief.

### D. The Effect Of The Breach Of Contract Defense

Finally, defendants contend that both counts must be tried to a jury because their answer raises breach of contract, a legal issue, as an affirmative defense. Doc. No. 22–1 at 9–10. They have not asserted a counterclaim for breach of contract. It is well-established that "the right to trial by jury attaches to 'claims' and not 'defenses' ... the assertion of a so called 'legal' defense, without a request for affirmative relief, will not trigger a right to a jury trial where the claim asserted against the defense is equitable." *Burlington N.R. Co. v. Nebraska Pub. Power Dist.,* 931 F.Supp. 1470, 1481 (D.Neb. 1996); *see also Taylor Corp. v. Four Seasons Greetings, L.L.C.,* 403 F.3d 958, 969 (8th Cir.2005) (discussing patent infringement case in which court found no right to a jury trial when defendant asserted legal affirmative defenses but did not raise legal counterclaims and plaintiff was only seeking an equitable remedy). The fact that the defendants have raised an affirmative defense that is legal in nature does not change the analysis of Counts One and

Count Two. They are entitled to a jury trial on Count Two, for the reasons set forth herein, but not on Count One.

## IV. CONCLUSION

For the reasons set forth herein:

1. Plaintiffs' motion (Doc. No. 20) to strike defendants' jury demand with regard to Count One is **granted**. Count One will be tried to, and decided by, the court.

2. Plaintiffs' motion (Doc. No. 20) to strike defendants' jury demand with regard to Count Two is **denied**. Count Two will be tried to a jury, as scheduled.

3. To the extent that Count Three is still part of this case, it will be tried to the court.

**IT IS SO ORDERED.**